THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOHN DOE and Others, Defendants.

Court of General Sessions, New York County, June 6, 1935.

*William C. Dodge, District Attorney* [*Maurice Wahl, Assistant District Attorney*, of counsel], for the plaintiff.

*Terence J. McManus* for the witness Richard J. Davis.

KOENIG, J. This is a motion made by J. Richard Davis, an attorney, to vacate, cancel and set aside a *subpœna duces tecum* served on him on or about the 14th day of May, 1935, requiring him to appear before the grand jury with certain of his records and canceled checks, as well as those of certain persons enumerated in the subpœna. This subpœna supersedes one served on him on April 15, 1935.

The first subpœna served on the attorney having been withdrawn by the district attorney requires no further consideration and the motion made to vacate it can properly be disregarded except in so far as the allegations and contentions therein are applicable to the subsequent motion now under consideration.

The directions in the subpœna are substantially as follows: He is required to produce any and all canceled checks, vouchers, books, papers and records pertaining to any and all bank and trust accounts in his name or that of another in which he has, or since January 1, 1931, has had any interest and which contain a record or history of his relations and transactions with certain persons therein enumerated, and also any and all books, papers and documents kept by him showing moneys received from certain persons also therein enumerated by or for him and disbursements incurred on their behalf since January 1, 1931, to date.

The witness claims that the subpœna violates his legal rights and constitutes an unlawful search and seizure within the meaning of section 8 of the Civil Rights Law and a deprivation of his liberty within the meaning of the due process clauses of the State and Federal Constitutions (State Const. art. 1, § 6; U. S. Const. Fourteenth Amendt.); also that he is precluded from the production of these documents by reason of his relationship as an attorney to the persons therein mentioned (Civ. Prac. Act, § 353). The jurisdiction of the proceedings before the grand jury is likewise challenged by him.

In order to determine these contentions, I have examined the testimony before the grand jury in so far as it is applicable. The grand jury is within its jurisdiction in the investigation which it is holding to determine whether there has been a violation of the gambling sections of the Penal Law. (Code Crim. Proc. § 252.) That the grand jury has inquisitorial powers to determine whether a crime has been committed in this county cannot be questioned. (*People ex rel. Livingston* v. *Wyatt*, 186 N. Y. 383, 391, 393.) " The power to inquire imports by fair construction the power to inquire by methods appropriate and adequate, and so by compulsory process if search would otherwise be thwarted." (*People ex rel. Karlin* v. *Culkin*, 248 N. Y. 465, 478; *Matter of Davies*, 168 id. 89, 105.)

The test is not that compulsory process calls for the production of books, records, etc., and, therefore, constitutes an invasion of one's rights, but whether it is an unreasonable compulsion. (*Hale* v. *Henkel*, 201 U. S. 43, 76; 26 S. Ct. 370; 50 L. Ed. 652.) The Penal Law itself places a duty upon a witness to produce records and books in his possession which are germane to the pending inquiry. (Penal Law, §§ 584, 996.) Compulsory process requiring the production of documents amounting to self-incrimination, an unreasonable search and seizure, and an invasion of a person's liberty go hand in hand. They are complements of each other.

Against self-incrimination by reason of the process, the witness is protected. (Penal Law, §§ 584, 996; *Matter of Doyle*, 257 N. Y. 244.) The vice of the subpœna condemned in *Hale* v. *Henkel* (*supra*), that it was too sweeping and general in form, and that the production of the documents therein called for would paralyze the business activities of the corporation, does not here exist. Nor is the subpœna under consideration so sweeping, general and broad as to come within the condemnation of the subpœnas considered by the court in *Matter of Foster* (139 App. Div. 769, 777) and *Carlisle* v. *Bennett* (243 id. 186, 191).

An examination of the proceedings pending before the grand jury permits the inference of materiality and relevancy. I am not called upon to find that the proof required completes a chain convincing in its probative value. It is sufficient if there be logical relevancy between the object sought and the testimony demanded. To require at the outset of an investigation — in advance of the production of testimony, whether oral or documentary — an established case would invariably frustrate the search, if crime exists. (*Matter of Edge Ho Holding Corp.*, 256 N. Y. 374, 379, 381.)

Tested by the limitations and demands of the authorities, the subpœna herein, in its main essentials, is neither too sweeping nor too general. It specifies the character and nature of the documents and particularizes the names of the persons. The production of the documents can neither cripple nor check the business of the proposed witness.

I hold that the subpœna is valid in so far as it calls for the records of the witness purporting to throw light on his relations with and the history of Arthur Flegenheimer, alias " Dutch " Schultz, Bo Weinberg, George Weinberg, Leo Zupnick, Israel Edelman and Casper Holstein, and also the records kept by or for him showing moneys received from them. As to the other persons named in the subpœna, I see no relationship nor permissible inference of materiality from the testimony so far elicited which would justify the production of records relating to them.

This holding as to the validity of the subpœna leaves open the further question of the possible materiality of some or any of the entries in the documents produced, and whether their admission would conflict with the statutory rule creating a privilege between the witness as an attorney and his clients. This phase of the claim of the witness can well be solved, if raised.

The motion to cancel and vacate the *subpœna duces tecum* heretofore issued on May 14, 1935, calling for the witness' appearance before the grand jury with the documents mentioned, is denied, except as to the limitations herein mentioned.

The district attorney may fix a date, if he chooses, for the calling of this witness.