Irving H. Saypol, J.
A holographic order to show cause bringing on a proceeding pro se under article 78 of the Civil Practice Act to compel the County Cleric to file the petitioner’s summons and affidavit of service in an action which states the plaintiff’s name within the quotation marks: “ Today’s Peter Zenger! ’ ’, was heretofore submitted for signature. The petition was unverified. Instead, an affidavit was presented by one Rebecca Becker, who swore that the petitioner is her brother, that the petition is true on her own knowledge and because her brother says so.
In his petition, the use of the pseudonym was explained by the petitioner, who stated that he is an inmate of Matteawan State Hospital since March, 1951, that he avoids using his true name and styles himself as shown, using the fictitious name for stated reasons to avoid harm.
A hearing was afforded to the petitioner’s sister on November 24, 1958, and it was explained to her in open court that, absent verification of the petition, signature was refused.
Another duplicate set of holographic papers denominated “ Reargument ”, original and carbon copy, and letters from the petitioner and his sister are presented. The petition remains unverified. It includes the affidavit of the sister, who swears to its truth and states that ‘ ‘ Matteawan refuses to furnish a Notary Public for my brother.”
The petitioner describes himself as an inmate of Matteawan State Hospital for the Criminal Insane since March, 1951 (Correction Law § 400). There is no real effort to conceal his identity — Nathaniel I. Becker.
Section 1288 of the Civil Practice Act requires that an application under article 78 shall be founded upon a petition, which shall be verified as in an action. That stops the application at the outset and it may not be entertained, regardless of the petitioner’s reasons or his sister’s explanations. If the peti *621 tioner wants to -go by an assumed name, that may be his privilege, but that undoubtedly is the reason for the refusal of a notary to act. While the merits of the application are not reached, it may be noted that the proceeding is required to be brought in the name of the real party in interest (Civ. Prac. Act, § 210) and the only indicated approval for the use of fictitious names is in the case of unknown names of defendants (Civ. Prac. Act, § 215; see, also, Rules Civ. Prac., rules 11, 13, 45). Reconsideration refused.