Morris E. Spector, J.
Motion to quash a subpoena is denied. Petitioner is required to appear even in those cases where he need not answer incriminating questions. The privilege, when such exists, may only be claimed at the time the questions are propounded (United Ind. Syndicate v. Weismann, 2 A D 2d 663). Even if the petitioner’s contention were correct that a witness may not be compelled to appear for an examination at which no questions would be asked that would not incriminate him (see People’s Coat, Apron & Towel Supply v. Light, 168 App. Div. 142), nevertheless the Commission of Investigation is empowered to grant immunity from prosecution (L. 1958, ch. 989, § 7) and thus compel the witness to testify, since his “incriminating” testimony would not thereby subject him to prosecution in the courts of this State. Nor is the likelihood of the use of the testimony in the pending Federal prosecution sufficient to exempt petitioner from testifying (Knapp v. Schweitzer, 357 U. S. 371). ' Nor has petitioner sustained the *712 burden of proving the collaboration between State and Federal officials which “might” give rise to a successful assertion of the privilege (Mills v. Louisiana, 360 U. S. 230; Knapp v. Schweitzer, supra; Matter of Commission of Investigation v. Lombardozzi, 7 A D 2d 48, affd. 5 N Y 2d 1026).
The points raised by petitioner are specious, at best, in view of the well-settled law on the subject. Petitioner is to appear before the commission on the adjourned date (June 16, 1959) without further order.