Russell G. Hunt, J.
Concomitantly with the service of the subpoenas in Matter of Cantwell v. Lane (34 Misc 2d 933) the respondents, in Albany, served upon the petitioner herein, the Albany County Attorney, a subpoena to appear and testify upon the same subject, that is, the purchase of goods and supplies by the County of Albany, not at Albany as in the Canhvell and Rice cases, but at New York City. The Cantwell and Rice cases were bracketed by the Appellate Division of this court in its decision dated June 27, 1962 (16 A D 2d 1017) wherein the respondents were directed “ with due diligence to bring ” the same “on for determination * * * before Special Term presently in adjournment at their instance the Special Term *254 decision of July 6, 1962, in each case has been appealed to the Appellate Division by the respondents. The instant case is companion to the Cantwell and Rice cases and the factual background is the same, nevertheless, as noted in the decision in the latter cases, Mr. Pennock’s proceeding was not taken to the Appellate Division by the respondents.
It is not claimed now that Mr. Pennock has or had anything to do with county purchases. What is claimed is that Mr. Pennock refused to co-operate with respondents and that respondents “ resorted to legal process only after Mr. Pennock made it clear that he intended to follow a course of unauthorized defiance and obstruction ’ ’ and this statement is coupled with another on page 5 of the affidavit of respondents’ chief counsel that the respondents’ powers “ are superior and paramount to county resolutions.” In other words, the complaint is that Mr. Pennock refused to go counter to the board’s resolutions and the policy declared therein. In this, of course, Mr. Pennock was following his duty to the board as its counsel (County Law, § 500; People ex rel. Updyke v. Gilon, 9 N. Y. S. 243) and as a lawyer (Canons of Professional Ethics, 15; Civ. Prac. Act, § 353) and what transpired between him and his clients, the public officials, is privileged (People ex rel. Updyke v. Gilon, supra).
Respondents’ quarrel is with the Board of Supervisors and not with Mr. Pennock. It was pointed out in the Cantwell and Bice cases (supra) that the books and records have not been denied to the respondents by the board. Resolution No. 76-, included in the papers herein, is in consonance with section 4 of chapter 989 of the Laws of 1958, wherein it is provided that upon request the respondents “ shall receive * * * cooperation and assistance ” from “ any political subdivision ”.
The purpose disclosed in the papers herein is not the purpose stated in the subpoena (Civil Rights Law, § 73, subd. 2), the disclosed purpose concerns privileged matter, and the subpoena is quashed.