█ In the Matter of JOHN H. PENNOCK, as Albany County Attorney, Respondent, v. MYLES J. LANE et al., Individually and Constituting the Temporary State Commission of Investigation of the State of New York, Appellant.—Appeal by the Temporary State Commission of Investigation of the State of New York and its constituent members from an order of the Supreme Court, Special Term, which quashed a subpœna directed to the County Attorney of Albany County in his official capacity requiring him to appear and to testify as a witness at a private hearing to be held in connection with an investigation in progress pursuant to the provisions of chapter 989 of the Laws of 1958. The subject under investigation is stated to be: "The conduct of public officers and public employees and matters concerning the public peace, public safety and public justice relating to the purchase and use of equipment, goods, services, supplies, foodstuffs and property by and for the public institutions, agencies,

departments and other units and subdivisions of the government of the County of Albany." The grounds assigned by Special Term for granting the motion are: (1) that no claim is made that respondent has or has had anything to do with county purchases; (2) that the subject of the investigation stated in the subpœna differs from the purpose disclosed in the answering affidavit of counsel for the commission; and (3) that the inquiry proposed would probe into confidential communications between the witness and county officials and employees represented by him upon prior hearings before the commission. The answer to the first ground articulated in the decision below is that an allegation of respondent's familiarity with practices and procedures within the compass of the subpœna is uncontroverted. Were this not so, the quashing of the subpœna in advance of the hearing would not be justified. (*Matter of Edge Ho Holding Corp.*, 256 N. Y. 374; *Matter of La Belle Creole Int. S. A.* v. *Attorney-General of State of N. Y.*, 10 N Y 2d 192, 196, motion for reargument denied 10 N Y 2d 1011.) The statement of the subject of the investigation as it appears in the subpœna complies with the statutory requirement (Civil Rights Law, § 73, subd. 2) and "is consonant with 'fair procedure' thereunder". (*Matter of Ryan* v. *Temporary State Comm. of Investigation*, 16 A D 2d 1022, 1024, affd. 12 N Y 2d 708.) We are not now concerned, nor need we be, with any inquiry beyond its outlined scope which may be directed to respondent at the hearing. If and when any such issue arises, the protection extended by the law is available to petitioner. (*Matter of Di Cocco* v. *Stratton*, 4 A D 2d 978.) An antecedent argument that a privileged relationship exists (Civ. Prac. Act, § 353) constitutes no basis to halt the investigative process. Objections may be voiced by the witness upon this ground in the event that questions are asked which require the disclosure of confidential communications between attorney and client. (*Berkliff Undergarment Corp.* v. *Weissman*, 277 App. Div. 964; *Matter of Village of Lawrence* [*Hicks Development Corp.*], 285 App. Div. 823.) Only in this context can an intelligent appraisal be made as to the legitimacy of the claim of privilege. (*Matter of Edge Ho Holding Corp., supra.*) Order reversed, on the law and the facts, without costs; the petition dismissed, the subpœna reinstated and the respondent directed to attend before the commission at a time to be fixed in the order to be entered hereon. Settle order on notice. Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ., concur. [36 Misc 2d 253.]