John T. Casey, J.
Before considering the merits of this proceeding, the determination of a threshold question is required. Neither the moving papers nor the petition contains the names of the petitioners; they are simply designated by letters of the alphabet. Prior to the hearing of the motion, however, their identity was revealed to the court. The respondents claim that such concealment renders the proceeding jurisdictionally defective. CPLR 2101 (subd. [c]) requires that “in a summons, a complaint or a judgment the title shall include the names of the parties J’ CPLR 2101 (subd. [f ]) states, however: “A defect in the form of a paper, if a substantial right of a party is not prejudiced, shall be disregarded by the court, and leave to correct shall be freely given. The party on whom a paper is served shall be deemed to have waived objection to any defect in form unless, within two days after the receipt thereof, he returns the paper to the party serving it with a statement of particular objections. (Emphasis supplied.) Whether the petitioners can adopt assumed names (Matter of “ Today's Peter Zenger! ” v. County Clerk of N. Y. County, 15 Misc 2d 619 and Matter of Anonymous v. Arkwright, 5 A D 2d 790) does not have to be determined here, in view of the finding that such defect, if it be a defect at all, can be and was waived by the failure of the respondents to return the paper in conformity with the statute. (CPLR 2101, subd. [f]; cf. Lucenti v. City of Buffalo, 29 A D 2d 833.)
The procedural obstacles having been waived, the merits of the controversy which concern the delicate balance between the public interest and private constitutional rights must, therefore, be considered.
The plaintiffs-petitioners seek to enjoin the Commissioners of the State Investigation Commission from conducting public hearings scheduled to commence July 15, 1969; from enforcing the subpoenas heretofore served upon them, requiring their attendance as witnesses at said hearings; and from releasing any report, testimony or other information concerning the identity of the petitioners and the subject matter of the inquiry.
The thrust of the petitioners’ argument is that injunctive relief is required to protect their constitutional rights to privacy in that their reputations will be irreparably damaged by the divulgence of their identities and the requirement of their attendance, and the attendant publicity will so infect the local public *836 atmosphere as to deprive them of a fair hearing and of due process of law in the event of subsequent charges or trial. Additionally, the petitioners contend that their right to produce witnesses on their own behalf will be impinged upon and that their right against self incrimination will be violated by requiring them to testify under subpoenal compulsion.
The petitioners maintain that the required safeguards mandated for criminal prosecutions by recent decisions of the United States Supreme Court are totally absent from the proposed public hearings in that such hearings are lopsided (hearing only the persons whom the commission desire to call with no corresponding opportunity available for the petitioners); repetitive (since they have testified privately); unnecessary (since any existing evidence of criminality could and should be presented to an appropriate G-rand Jury); and unconstitutional (since the Commissioners cannot inquire generally and publicly into the petitioners’ personal and private affairs).
The Commissioners, on the other hand, contend that they have a legislative mandate to conduct private and public hearings and the power and duty to conduct investigations into the faithful execution and effective enforcement of the law, into the conduct of public officers and public employees and into any matter concerning the public peace, public safety and public justice. (L. 1958, ch. 989, § 2, subd. 1, pars, a, b, c, and subd. 11, par. b.) The commission further maintains that, after examining the testimony procured at the private hearings, they, in the exercise of their sound discretion, agreed that public hearings should be conducted. Finally, they maintain that the State Investigation Commission is an investigative and fact-finding agency rather than a prosecutive one and that the commission operates independently of the Grand Jury and other prosecutive offices.
Section 1 of chapter 989 of the Laws of 1958 created the Commission of Investigation effective May 1, 1958. The constitutionality of the act itself has already been sustained. (Matter of Commission of Investigation of State of N. Y. v. Lombardozzi, 7 A D 2d 48, affd. 5 N Y 2d 1026, rearg. den. 6 N Y 2d 878, cert. den. sub nom. Castellano v. Commission of Investigation of State of N. Y., 360 U. S. 930.) Moreover, the validity of the subpoenas issued by the commission, valid on their face, has been upheld despite the claim of harassment. (Matter of Ryan v. Temporary State Comm. of Investigation, 16 A D 2d 1022, affd. 12 N Y 2d 708.) Similarly, subpoenas have not been quashed as against the claim, in advance of the hearing itself, of no personal knowledge of the facts about which the testimony *837 was sought. (Matter of Pennock v. Lane, 18 A D 2d 1043.) Finally, where a petitioner claimed his privilege against self incrimination the court held that such claim of privilege may he made only at the time the questions are propounded and that even in the face of such claim of privilege the C'ommissioner would he empowered to grant immunity from prosecution (L. 1958, ch. 989, § 7) and thus compel the petitioner to testify. (Matter of Bonanno v. Ryan, 18 Misc 2d 711, affd. 9 A D 2d 605.)
The chief area of controversy between the petitioners and the commission is that the former maintain that the proposed hearings are general and unbridled inquiries into the private affairs of public officers and private individuals with but incidental public interest and benefit. Such “ hearings ” have been condemned as violative of personal constitutional privileges as being exposure for the sake of exposure (Watkins v. United States, 354 U. S. 178, 187) or so broad as to be constitutionally impermissible. (Barenblatt v. United States, 360 U. S. 109.) The latter contends that the proposed hearings are mainly in the general public interest for public benefit with but incidental inconvenience to private interests and with adequate and effective safeguards to personal constitutional rights which are set forth on each of the subpoenas served, in accordance with section 73 of the Civil Rights Law, adequately informing the witnesses of their rights; and since the hearings concern public peace, public safety and public justice, they are permissible-under the authority of Matter of Di Brizzi (Proskauer), (303 N. Y. 206).
It is significant that the petitioners’ claims do not allege any present violations, but instead allege what “might” happen at the hearings. It is true, as the petitioners contend, that there is a “ possibility ” of denial or infringement upon their rights ; that possibility, however, attends every legal procedure from every arrest to every conviction. Should such denial or infringement occur there are corresponding remedies. But only when and if such questions arise at the hearing will the courts protect from an unreasonable prying into personal affairs, unrelated or immaterial to the investigation. (Matter of Di Cocco v. Stratton, 4 A D 2d 978; Matter of Pennock v. Lane, 18 A D 2d 1043.) This court cannot interfere with an investigation -on the ground that the right to a fair trial is being impinged upon since there is no trial now pending or prospective. (Lanza v. New York State Joint Legis. Committee on Government Operations, 3 N Y 2d 92.) There can be no claim of privilege in advance of the hearing, for privilege, when such exists, may be claimed only at the time the questions are propounded. (Matter *838 of Bonanno v. Ryan, 18 Misc 2d 711, affd. 9 A D 2d 605, supra.) This court cannot now be concerned that the inquiry at the hearing ‘ ‘ might ’ ’ go beyond the outlined scope of the subject of the investigation, for appropriate relief may be sought at that time, if such occurs. (Matter of Pennock v. Lane, supra.) Nor may confidential communications be claimed in advance of the questioning at the hearing. (Matter of Pennock v. Lane, supra.)
In sum, the chief deficiency in the petitioners’ claims is that they are premature. Since appropriate remedies are available when the petitioners are injured or affected, the drastic injunctive relief sought by them in this proceeding must be denied. As the Court of Appeals noted in Lanza v. New York State Joint Legis. Committee (3 N Y 2d 92, 99-100, supra): “We can find no authority, constitutional or statutory, empowering the courts to enjoin the Legislature in the assumed fact pattern of this case. * * * The Legislature is as much a guardian of the liberties of the people as are the courts. We will not assume that the legislative committee will disregard its duty toward any individual who may in anywise be referred to in its public hearings. ’ ’
It is clear, therefore, that wrongful acts and devious motives by the respondents can neither be anticipated nor presumed. In this regard, the Court of Appeals stated in Matter of Di Brizzi (Proskauer) (303 N. Y. 206, 217, supra): “At this stage of the proceeding, on an application to quash the subpoenas, we cannot say that any personal constitutional right of the petitioner has been violated. Whether or not his rights will be infringed by anything done pursuant to the subpoenas is not now before us. Either expressly or by implication of law, the safeguards upon the rights of witnesses before an executive commission, which we enumerated in Dunham v. Ottinger [243 N. Y.] (supra, pp. 438-439), are likewise operative here ”.
Accordingly, the petition must be dismissed and the relief requested denied.