■ CHARLES H. GREENTHAL & CO., INC., Respondent, v. LOUIS J. LEF-KOWITZ, Attorney-General of the State of New York, Appellant.— Order, Supreme Court, New York County, entered on June 14, 1972, quashing and vacating a subpoena duces tecum dated March 14, 1972, issued by the Attorney-General to petitioner, unanimously reversed, on the law, the petition dismissed, and petitioner-respondent directed to comply with the subpoena. Appellant shall recover of respondent $40 costs and disbursements of this appeal. Section 352 of the General Business Law (the Martin Act) grants the Attorney-General the right to issue the questioned subpoena. The documents requested are relevant and material to an investigation initiated by the Attorney-General in good faith, following a complaint by an attorney representing several tenants of an apartment house which was being converted to co-operative ownership. The complainant alleged that a declaration of effectiveness of a plan of co-operative organization for premises 150 East 61st Street, New York City accepted by respondent was improper in that included in the computation of the required 35% of the tenants were individuals who were neither bona fide tenants nor bona fide purchasers of the co-operative corporate stock. The investigation concerns, therefore, the sale of securities within New York State. The power of the Attorney-General under the Martin Act is exceedingly broad. He has wide discretion in determining when an inquiry is warranted. (See *Matter of Attorney-General of State of N. Y.* [*American Research Council*], 10 N Y 2d 108, 111, 113, cert. den. 368 U. S. 947; *Matter of La Belle Creole Int.* v. *Attorney-General of State of N. Y.*, 10 N Y 2d 192; *Matter of Hartsdale Canine Cemetery* v. *Lefkowitz*, 37 A D 2d 548, affd. 29 N Y 2d 702.) Acceptance by the Attorney-General for filing of the offering co-operative plan and amendments thereto did not divest him of authority to investigate. (General Business Law, § 352-e, subd. 1, par. [a]; subds. 2, 4.) Furthermore, the court finding that the subject co-operative plan is valid and effective, in private litigation by certain tenants against the sponsor, does not invalidate the subpoena. The Attorney-General not having been a party thereto, nor having had notice thereof, he cannot be collaterally estopped nor subject to *res judicata*. Petitioner has failed to establish that the issuance of the subpoena was arbitrary or capricious; nor is there a showing of abuse of the reasonable discretion required of the Attorney-General. Concur — Stevens, P. J., Markewich, Nunez, Steuer and Capozzoli, JJ.