Samuel R. Rosenberg, J.
Application to quash a subpoena issued by the Attorney-General pursuant to section 352 of the General Business Law (art 23-A [Martin Act]) requiring petitioner to appear and give testimony relating to the former’s investigation of alleged fraudulent practices in the sale of securities in a certain co-operative apartment plan is denied.
The subpoena here challenged was issued in conjunction with a pending investigation by the Attorney-General into alleged fraudulent practices employed by a firm known as Associated Homeowners and Businessmen’s Organization, Inc. (Associated), and its officers in connection with an offering and sale of securities consisting of co-operative interests in real property located at 184 East 7th Street in the City of New York. Such an inquiry is well within the broad powers vested in the Attorney-General by the Martin Act (Greenthal & Co. v *68 Lefkowitz, 41 AD2d 818, affd 32 NY2d 457) and since the language of the subpoena expressly limits the subject matter of the testimony required of petitioner to his knowledge of matters relating to the afore-described practices, his contention to the effect that the scope of the subpoena goes beyond the purview of a Martin Act investigation is patently without merit.
Petitioner’s main objection to the subpoena is predicated upon the conceded relationship of attorney and client existing between him and Associated during the time the alleged fraudulent practices are claimed to have been perpetrated. He asserts, in substance, that any testimony he may be required to give in response to the subpoena will trench upon the attorney-client privilege which his client has declined to waive. Such privilege attaches, however, only to communications between a client and his attorney, in the course of such relationship, which are intended to be confidential and are made for the purpose of enabling the latter to fulfill his role as a legal adviser (see 5 Weinstein-Korn-Miller, NY Civ Prac, par 4503.02). Moreover, it is subject to a number of qualifications and exceptions. Thus, for example, it has no application to communications made in furtherance of fraudulent or other unlawful acts (People v Farmer, 194 NY 251; People v Petersen, 60 App Div 118; United States v Bob, 106 F2d 37, cert den 308 US 589; Securities & Exch. Comm. v Harrison, 80 F Supp 226, app dsmd 184 F2d 691) or in the presence of third parties (Doheny v Lacy, 168 NY 213; People v Roach, 215 NY 592) where the element of confidentiality is lacking. In view, therefore, of the many and varied factors involved in determining when, in any given situation, the privilege properly applies, it has been authoritatively held that the mere fact that the witness sought to be examined is an attorney does not, in and of itself, bar his examination (Berkliff Undergarment Corp. v Weissman, 277 App Div 964). As the court in the last-cited case pointed out, he may, upon his examination, raise the question of privilege if it appears that he is being asked to disclose confidential communications between himself and his client (see, also, Matter of Village of Lawrence [Hicks Development Corp.], 285 App Div 823; People v Doe, 156 Misc 304).
It is concluded, therefore, that petitioner’s claim of privilege in advance of his examination is premature and provides no tenable ground for the relief sought by this application. Settle *69 judgment, including a provision fixing a new date and time for petitioner’s appearance for examination.