### (April 4, 1979)

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MARC FLESCHNER, Respondent.—Appeal, as limited by the People's brief, from so much of an order of the Supreme Court, Queens County, dated August 17, 1978, as, in part, denied the People's motion to quash certain subpoenas. Order modified, on the law, by (1) deleting therefrom the provision which denied the motion as to John J. Santucci, District Attorney, and substituting therefor a provision granting the motion to quash as to him, and (2) deleting therefrom the provision which denied the motion to quash the subpoena duces tecum issued by the Supreme Court, Queens County, and substituting therefor provisions (a) granting the motion as to items one, two and three and (b) granting the motion as to item four except insofar as said item seeks material with respect to defendant Fleschner. As so modified, order affirmed insofar as appealed from, without costs or disbursements. The material

828

sought pursuant to item four of the subpoena duces tecum concerning defendant Fleschner shall be turned over to Criminal Term for an *in camera* determination as to which items are relevant and should, insofar as found relevant, be made available to defense counsel. District Attorney Santucci submitted an affidavit in which he stated that he does not have a fixed policy against making recommendations of lifetime probation pursuant to section 65.00 (subd 1, par [a], cl [iii]) of the Penal Law. Furthermore, on argument of this appeal an Assistant District Attorney stated that on at least two occasions Mr. Santucci had recommended lifetime probation. The foregoing obviates the need for any testimony by Mr. Santucci and the subpoena requiring his presence as a witness must be quashed. Moreover, counsel for the defendant stated that the agreement concerning a recommendation of lifetime probation, upon which the defendant relied, was made with the office of the former District Attorney. Therefore, the relevance of any testimony by Mr. Santucci as to his practices would be remote. In making our determination we have not considered the merits of the proceeding before Madam Justice Rubin and we express no views thereon. Mollen, P. J., Damiani, Shapiro and Margett, JJ., concur.