■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR McCLINTON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered June 11, 1976, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. No issue has been presented with respect to the facts. The defendant sought to call the arresting officer during the trial as part of his defense. The prosecution asked that an offer of proof be made and asserted that there was nothing to which the officer could testify. The defendant then stated that he desired to show the circumstances surrounding his arrest. Criminal Term denied the defendant's application. In addition, the defendant sought to call his investigator as a witness on his behalf. Criminal Term required an offer of proof. The defendant's counsel said that the investigator would testify as to statements made by the prosecution's witnesses which were in contradiction of their testimony. Criminal Term denied the right of the defendant to call the witness on the ground that the investigator's testimony would be collateral. These rulings were error. The right to present evidence by witnesses of one's own choosing is a fundamental ingredient of due process *(Jenkins v McKeithen,* 395 US 411, 429), and the testimony of a defendant's witness should not be prospectively excluded unless it is offered in palpably bad faith *(People v Gilliam,* 37 NY2d 722, revg 45 AD2d 744 on the dissenting opn of Hopkins, J.; *People v Cuevas,* 67 AD2d 219; *People v Hepburn,* 52 AD2d 958). It cannot be said on this record that the defendant was acting in bad faith, although we note that the defendant's behavior during the trial was abusive and sometimes obstreperous. We do not condone such conduct; nevertheless, the defendant was entitled to establish his defense, and he was prevented from calling his witnesses by the rulings of Criminal Term. A new trial is therefore required. Hopkins, J. P., Titone, Lazer and Gibbons, JJ., concur.