■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL DEL VALLE ROJAS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Marano, J.), rendered September 19, 1979, convicting him of sexual abuse in the first degree, burglary in the first degree (two counts), and assault in the second degree (two counts), upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. The facts have been considered and are determined to have been established. The complainant testified at trial that she never lived with the defendant, and never gave him a key to her residence. Defendant, on the other hand, claimed that he had lived with the complainant for about a year before the crime allegedly occurred. He was prepared to present evidence to corroborate his claim. The prosecutor contended that such evidence was irrelevant. While the trial court did not preclude specific witnesses from testifying (cf. *People v*

*Gilliam,* 37 NY2d 722, revg 45 AD2d 744; *People v McClinton,* 75 AD2d 900), it did rule that defendant could only introduce evidence that the complainant and defendant lived together at the apartment where the crimes allegedly occurred, and further excluded, as irrelevant and inadmissible, any evidence that the complainant and defendant lived together before the complainant moved to that apartment. Based upon that ruling, the defendant did not call certain prospective witnesses and the testimony of other witnesses was curtailed. In our view, this ruling was improper. Evidence is relevant if it "tend[s] to convince that the fact sought to be established is so" (see *People v Yazum,* 13 NY2d 302, 304). Evidence that the complainant and defendant lived together before the complainant moved to the apartment where the crimes allegedly occurred might tend to convince the fact finder that defendant was living with the complainant at the time the crimes allegedly occurred, and therefore was not guilty of burglary (see Penal Law, § 140.00, subd 5). Further, evidence of the nature and duration of defendant's relationship with the complainant would tend to buttress defendant's claim that the complainant was biased against him because he deserted her. Gibbons, J. P., Gulotta, Cohalan and Bracken, JJ., concur.