OPINION OF THE COURT
Gerald Adler, J.
The District Attorney of Kings County, Honorable Elizabeth Holtzman, moves this court to quash a subpoena served upon her by the attorneys for the defendants, on the grounds that “the testimony sought is wholly irrelevant to the inquiry before this court and is privileged.”
A motion to quash a subpoena even though made in a criminal proceeding is a “special proceeding * * * on the civil side of a court vested with civil jurisdiction” (Matter of Cunningham v Nadjari, 39 NY2d 314, 317).
Initially this court must determine whether relevancy and privilege are proper issues raised on a motion to quash a subpoena ad testificandum.
*1070 With regard to privilege, the court finds that, “Privilege * * * may not be asserted in advance of questions actually propounded.” (2A Weinstein-Korn-Miller, NY Civ Prac, par 2304.06, p 23-71.) Privilege may only be asserted at the examination of the witness, and not in advance (Matter of Berkliff Undergarment Corp. v Weissman, 277 App Div 964; Matter of Village of Lawrence [Hicks Dev. Corp.], 285 App Div 823). In Matter of Homeowners & Businessmen’s Organization (87 Misc 2d 67), the court was faced with a motion to quash a subpoena ad testificandum. The movant claimed that since he was an attorney and the attorney/client privilege applied to his testimony he should not be required to testify. The court denied the motion stating (p 68) “he may, upon his examination, raise the question of privilege if it appears that he is being asked to disclose confidential communications between himself and his client”. A motion to quash was ruled not to be proper on a claim of attorney/client privilege.
The reliance of the District Attorney on cases dealing with subpoenas duces tecum is inappropriate. We are here, dealing with a subpoena ad testificandum.*
The court finds that the proper method of asserting privilege is upon the witness taking the witness stand and being asked questions regarding any privileged matter. (Matter of Pennock v Lane, 18 AD2d 1043, 1044; Matter of Bonanno v Ryan, 18 Misc 2d 711, affd 9 AD2d 605.)
In this regard the court notes that there is on this record testimony by an Assistant District Attorney which has not been objected to regarding the claimed matter of privilege. Indeed the claim of privilege was first asserted well into the testimony of the witness. To the degree that the assistant has without objection testified to this material, the present claim may well have been waived by such testimony.
*1071 The court has previously stated on the record that it is well aware of the various cases involving privilege and the defendant’s rights. In particular, the court has set forth on the record the following cases: People v Gissendanner (48 NY2d 543), People v Poole (48 NY2d 144), People v Andre W. (44 NY2d 179), People v Malinsky (15 NY2d 86), People v Darden (34 NY2d 177), People v Baker (75 AD2d 966), People v Renner (80 AD2d 705), People v Clayton B. (110 Misc 2d 567).
The court is well aware of the recommendations of the Court of Appeals in People v Andre W. (44 NY2d 179, 185-186), and has applied these principles previously. This court can well apply the same principles to the claim of privilege herein asserted.
To the degree that the motion to quash is based upon a claim of privilege the motion must be denied.
With regard to relevancy the court in Santangello v People (38 NY2d 536) stated at page 539, “A motion to quash is limited in scope, challenging only the validity of the subpoena or the jurisdiction of the issuing authority” (emphasis supplied). It would appear that a motion to quash can only raise the validity of the subpoena or the jurisdiction of the issuing authority. Neither of these grounds is being challenged by the applicant herein. Indeed, the District Attorney concedes the validity of the subpoena and the jurisdiction of the issuing authority.
The reason for the rule that on a motion to quash a subpoena the relevancy of the proposed testimony cannot be challenged was best stated by Chief Judge Cardozo in Matter of Edge Ho Holding Corp. (256 NY 374). The court in discussing the power to issue a subpoena ad testificandum stated (p 381), “They [the power to subpoena] will be rendered to a large extent abortive if his subpoenas are to be quashed in advance of any hearing at the instance of unwilling witnesses upon forecasts of the testimony and nicely balanced arguments as to its probable importance.” (Emphasis supplied.) The court thus felt that prophesying the probable importance of a witness would in effect destroy the very power to subpoena (see, also, Matter of Scheeler v Buffalo Wire Works Co., 50 Misc 2d 158).
*1072 In the Matter of Hirshfield v Craig (239 NY 98), Judge Lehman stated as follows at pages 117-118, “The power to issue a subpoena requiring a person to attend as a witness is, under section 406 of the Code of Civil Procedure, absolute and unlimited. The power to require the witness to bring with him a book or paper is limited to a ‘proper case.’ ” Judge Lehman thus distinguished between subpoenas duces tecum and subpoenas ad testificandum; he thus held that the right to subpoena a witness is absolute while the right with regard to the production of books is limited to a proper case. It is from this that the courts have ruled that in the area of subpoenas duces tecum, a motion to quash on the grounds that the books and records are irrelevant lies (see Myerson v Lentini Bros. Moving & Stor. Co., 33 NY2d 250, 256; Matter of La Belle Creole Int. v Attorney-General of State of N. Y., 10 NY2d 192; Virag v Hynes, 54 NY2d 437, 441-442). However, the right to subpoena witnesses seems to be absolute without any requirement of relevancy (see Matter of Pennock v Lane, 18 AD2d 1043, supra; Leibowitz v State of New York, 95 Misc 2d 183; Weinstein-Horn-Miller, NY Civ Prac, par 2304.06).
In this regard the court notes the cases of People v McClinton (75 AD2d 900, application for lv to app den 51 NY2d 882) and People v Forbes (87 AD2d 829). In both those cases the Appellate Division stated that “The right to present evidence by witnesses of one’s own choosing is a fundamental ingredient of due process (Jenkins v McKeithan, 395 US 411, 429), and the testimony of a defendant’s witness should not be prospectively excluded unless it is offered in palpably bad faith” (People v Forbes, supra, p 829; People v McClinton, supra, p 900). In effect what the District Attorney is attempting to accomplish is to have this court prospectively exclude testimony of a defendant’s witness. This appears to be a violation of the right of a defendant to present evidence by witnesses of his own choosing. In both of the above cases the appellate court criticized the trial court for requiring a showing of relevance regarding a defendant’s witness. In this case the District Attorney seeks to quash the subpoena on the grounds of relevance. This court does not see any distinction between what the District Attorney seeks to do and *1073 that which the Appellate Division, Second Department, has criticized and found to be unacceptable.
This court finds that a claim of irrelevancy cannot be used on a motion to quash a subpoena.
This court is aware of the case of People v Fleschner (69 AD2d 827), in which the Appellate Division suppressed on the grounds of remoteness a subpoena ad testificandum for the District Attorney in Queens. The court has reviewed the record on appeal in that case and the record indicates that it was assumed by all parties that the issue of remoteness could be raised on a motion to quash. Neither party argued on appeal that a motion to quash was improper, and therefore the appellate court in sustaining the motion in that case did not reach the issue which has been presented herein.
In A, B, C, D, E, F, G, H, I, J, K, L v Curran (61 Misc 2d 834), the court said at pages 836-837, “Similarly, subpoenas have not been quashed as against the claim, in advance of the hearing itself, of no personal knowledge of the facts about which the testimony was sought”.
This court holds that relevancy is not an issue which may be raised by a motion to quash a subpoena ad testificandum.
However, since there is apparently a legitimate reading of People v Fleschner (supra) and dicta in Cunningham v Nadjari (39 NY2d 314, supra) that may indicate that relevancy is a proper issue for a motion to quash, this court will address that issue.
In Del Vecchio v White Plains Unit, Westchester County Ch., Civ. Serv. Employees Assn., Local 860 (64 AD2d 975), the Mayor and council members were subpoenaed to appear in an administrative proceeding. The Mayor and council members petitioned Special Term to quash the subpoena, and the motion to quash was granted. The Appellate Division, Second Department, in reversing Special Term, stated at page 976, “We therefore do not agree with Special Term’s conclusion that there is ‘credence to the charge that [the union’s purpose] was to harass the busy men and women who are the Mayor and council members of the City of White Plains.’ But even if it could *1074 be plausibly argued that this were so, that in itself would ‘not justify suppression of the subpoenas as a matter of law at this time’ (see Matter of Cunningham v Nadjari, 39 NY2d 314, 318). An attorney has a presumptive right to issue a subpoena (CPLR 2302) and this applies to attendance in an administrative as well as a judicial proceeding”.
In this case it cannot be said that the subpoena herein was issued for the purposes of harassing the District Attorney of Kings County, and even if that were the fact, that in and of itself would not be grounds for suppression of the subpoena. This is not an ordinary case where this court can conclude as a matter of fact that the District Attorney has no personal knowledge. The case has been designated by the District Attorney’s office as “Major Case Number 3”. Evidence has established that the former District Attorney, Eugene Gold, had personal conversations regarding this matter with the United States Attorney for the Southern District of New York. A former Assistant District Attorney spent all of his working hours exclusively on this case for a period of months. Portions of the redacted materials herein indicate the significance of this case. While conceivable, it is highly improbable, that prior to the making, by the District Attorney’s representatives, of the secret July 1, 1982 tape recording at the Hotel Bossert, that this matter was not brought to the personal attention of the District Attorney. Nor is it reasonable to assume that subsequent to the July 1, 1982 taping, portions of which were redacted by this court, that its volatile contents, some of which were the subject matter of inquiry during this hearing, were not brought to the personal attention of the District Attorney. This court has received the impression after hearing seven weeks of testimony, that this case has been, and is being, supervised and directed by persons of the highest authority in the District Attorney’s office. The court finds that there is a good-faith basis for the issuance of the subpoena herein.
The court further finds that the affidavit of Elizabeth Holtzman is insufficient to show that she lacks relevant evidence in this matter. The affidavit failed to state whether she received information from a District Attorney *1075 regarding statements made by Bald to them, the source of which was the defendants. The affidavit does not state whether she examined the logs of conversations between Mr. Bald and defendants herein, and whether she gathered any information therefrom. Testimony has been adduced that the United States Attorney attempted to give an Assistant District Attorney information received from Bald, which Bald received from defendants. The testimony indicates that the said Assistant District Attorney refused the offer of the United States Attorney for a copy of tapes. Ms. Holtzman, in her affidavits, does not state whether she ever listened to or heard the tapes in the possession of the United States Attorney, or whether she overruled her Assistant District Attorneys. She fails to state whether after Mr. Bald’s guilty plea, office policy and guidelines have been promulgated. This is relevant, if the court finds any impropriety on the part of the District Attorney, with regard to the nature of sanctions to be imposed. She also fails to state when for the first time she learned of the plea arrangements and the continuance of Mr. Bald on the calendar, and what actions she took at the time.
The court further feels that the use of affidavits in substitute of live testimony is inappropriate under the conditions of this particular case. In this case we have had testimony from an Assistant District Attorney inconsistent with testimony of a Justice of the Supreme Court; testimony of an Assistant District Attorney inconsistent with the testimony of the attorney for defendant Bald; testimony of an Assistant District Attorney on one day, inconsistent with his testimony on a second day; testimony of an Assistant District Attorney inconsistent with the testimony of the witness Bald. To require the defendants under these conditions to accept the affidavit without giving the court the opportunity to observe the witness and without giving the opportunity to the attorneys to question the witness would appear to this court to be in violation of the defendants’ right to confront witnesses against them.
With regard to the District Attorney’s claim that this is in effect a hearing in accordance with Weatherford v Bursey (429 US 545), the court feels that it is not so limited. Weatherford v Bursey (supra) is a civil action in which the *1076 Supreme Court of the United States stated that in absence of proof of damages there can be no recovery in a civil action.
More appropriate to this court’s consideration are the cases of United States v Henry (447 US 264); Massiah v United States (377 US 201); People v Knapp (57 NY2d 161) and People v Brooks (83 AD2d 349). Further, the court feels that as far as New York State constitutional claims are concerned, more appropriate cases are People v Arthur (22 NY2d 325), People v Hobson (39 NY2d 479), People v Rogers (48 NY2d 167) and People v Skinner (52 NY2d 24). It is believed by this court that those cases are more applicable than is Weatherford v Bursey (supra).
This court, from the outset, has also stated that it considers the claim made in the moving papers in the first allegation of prosecutorial misconduct to include a claim not only under the Fifth and Sixth Amendments but under both State and Federal due process. In this regard, the court has, on several occasions early in the proceedings, stated that it considered this proceeding in the nature of an Isaacson hearing (44 NY2d 511). Isaacson is not limited to the particular facts of the case as claimed by the District Attorney. In People v Rao (73 AD2d 88) the court extended the Isaacson doctrine to impropriety by the special prosecutor. In People v Mason (97 Misc 2d 706), the court extended the Isaacson doctrine to a situation whether there was interference with a right to counsel.
The court notes that a written motion has been submitted to amend the defendants’ papers to reflect all previous discussions in this area. The People have had notice for almost six weeks of the very nature of this proceeding. In this regard it is relevant to an Isaacson hearing whether there has been a pattern of misconduct on the part of the District Attorney not only in this matter but in other similar matters. (People v Schwartz, 90 AD2d 800.) Many authors have attributed the leading case of Miranda to the fact that the court considered prior situations where police abused the defendants’ rights. The court, after considering other cases, decided that corrective action was necessary. The policies both before and after the plea herein are relevant in determining the sanctions to be imposed, if in *1077 fact there is a violation of the defendants’ rights. This court at this time has not determined whether there has been such a violation.
The court further finds, after seven weeks of hearings, that the District Attorney may have relevant and material evidence which the defendants have a right to adduce at this hearing.
For all reasons herein, the motion to quash the subpoena is denied. The Honorable Elizabeth Holtzman is directed to appear before this court on Monday, December 13,1982, at 11:00 a.m. in the forenoon.

 To the degree that People v Marahan (81 Misc 2d 637) is inconsistent with Matter of Berkliff Undergarment Corp. v Weissman (277 App Div 964), Matter of Village of Lawrence (Hicks Dev. Corp.) (285 App Div 823) and Matter of Pennock v Lane (18 AD2d 1043), this court must follow the dictates of the Appellate Division. This court is in full agreement with the court in the Matter of Homeowners & Businessmen’s Organization (87 Misc 2d 67).