*519 OPINION OF THE COURT
Robert J. Stolarik, J.
On December 15, 1982, a copy of a writ of habeas corpus ad testificandum was delivered to this court by the United States Attorney for the Southern District of New York. The writ, served upon the Sheriff of Rockland County, called for the production of Samuel Brown (one of the defendants in the above-captioned indictments) before a Federal Grand Jury and further directing that upon the completion of his testimony, that he be returned “to such place as you are directed by this Court.” At that time, the court advised the United States Attorney that it would take no position on the writ until such time as the attorney for the defendant Brown had an opportunity to confer with him. After such a conference had been accomplished (and more particularly, on January 6,1983), there was another appearance involving the United States Attorney, the District Attorney of Rockland County, the defendant Brown and his attorney, and also appearances on behalf of the other defendants named in the within indictments. (These later appearances were occasioned by the existence of a previously filed CPLR article 78 proceeding and a consequent ruling of this court that no defendant could be removed from the custody of the Sheriff of Rockland County without the approval of the court.) It should be noted, also, that there has been no appearance by the Sheriff of Rockland County with regard to the writ (or the article 78 proceeding) but with regard to the other parties afore-mentioned, the United States Attorney seeks compliance with the writ, the District Attorney opposes same, the defendant Brown wishes to comply with the writ and the other defendants not only are reaffirming their opposition under the article 78 proceeding, but also claim they have standing to oppose the transfer as parties in the criminal action and move for a hearing to determine the degree of co-operation between the United States Attorney and the District Attorney pursuant to People v Isaacson (44 NY2d 511).
the writ
The writ of habeas corpus ad testificandum provides for the appearance of the defendant Brown before a Federal Grand Jury. The initial question before the court is *520 whether or not the court itself has . any standing to intervene in the process. Clearly, it has no standing to test the sufficiency of the writ or to oppose compliance. This ability reposes in the defendant Brown, the Sheriff of Rockland County or the District Attorney of Rockland County. However, the court is cognizant of its responsibility as the presiding Judge in the above-captioned matters to expedite the trial and move the same toward a speedy and. just conclusion. The court also is aware of the constitutional duty of the Sheriff to safeguard the defendant and to produce him in court on appropriate occasions, and an equally compelling responsibility on the part of the District Attorney to prosecute the indictments returned by the Grand Jury of the County of Rockland. The trial is presently in progress (People v Anderson, 16 NY2d 282, 288) and it is incumbent upon the court to insure its orderly progress. Certainly, the transfer of one of the defendants at this stage of the proceedings would interfere with this responsibility but it is apparent that the court is powerless to intervene, per se. It would seem that this task would fall to the Sheriff and/or the District Attorney, whose constitutional responsibilities are being frustrated by the issuance of the writ. Accordingly, the court is not in a position to “honor” the writ, or oppose the writ. The sufficiency of same and the application therefor, and the question of the authority of one jurisdiction to snatch a defendant from an ongoing trial in another jurisdiction, are matters to be raised in another forum by other participants.
THE ARTICLE 78 APPLICATION
The court has previously entertained an article 78 application filed by the defendants, seeking to prevent the Sheriff from transferring the defendants herein to another place of incarceration. The Sheriff indicated at that time that there were no present plans to move the defendants but the court kept the application “open” in the sense that it directed that no defendant was to be moved without the consent of the court. The Sheriff has complied with this restriction and has sought “clearance” from the court on occasions when a defendant had to be moved. .(More particularly, the court has removed its restriction to allow another defendant herein to appear in Federal District *521 Court relative to a pending indictment. It should be noted, however, that writs directing these appearances do not call for a transfer to Federal custody and provide for immediate return.) While the pending article 78 application is based primarily on Sixth Amendment issues, the court considers it to have a broader application and, accordingly, has not removed its restriction with regard to the writ in question. It should also be noted that the United States Attorney has not formally intervened in the article 78 proceeding (as required by the CPLR) by way of making formal application for the removal of the restriction previously imposed by the court.
APPLICATION FOR HEARING
In conjunction with their opposition to compliance with the writ, defendants make application for a hearing to determine the extent of the co-operation between the offices of the State and Federal prosecutors. (People v Isaac-son, supra.) They view defendant Brown’s desire to speak with Federal authorities as a “fait accompli”, and use expressions such as “parallel prosecution” and allusions to the “Sixth Amendment wall” being “breached” to support their application for a hearing. They also cite the recent case of People v Slochowsky (116 Misc 2d 1069), claiming a situation analogous to what is before the court at this time. The court finds this case inapposite to the facts before the court. In Slochowsky (supra) the decision dealt largely with a motion to quash a subpoena served on the District Attorney in an ongoing Isaacson hearing. There was little or no discussion of what circumstances precipitated the hearing, or the factual considerations weighed by the court in granting the hearing. In the instant case, defendants show no facts which would indicate that there is (or even might be) a pattern of misconduct on the part of the prosecution herein. Absent such a showing, the court is under no compulsion to direct a hearing. Unwarranted assumptions, speculation, and surmise do not form a proper basis for the court to direct further inquiry. Accordingly, the motion is denied.
CONCLUSIONS
It is clear that the court may not be able to intervene, per se, in the problems presented by the service of the writ, *522 but just as surely the court has an affirmative duty to insure appropriate movement in the trial presently in progress. And while the court might not be able to interpose any technical objection to the issuance of the writ, the court does note that no authority whatsoever is cited by the Federal Government for what appears to be an unwarranted interference with an ongoing trial. The court also notes that at least at this stage of the dealings between the defendant Brown and the United States Attorney’s office, there is nothing definitive about the extent of the cooperation that might come about, or what information, if any, will be given to the Federal authorities. Defendant Brown’s overtures at this point amount to little more than a desire for a change of scenery. It is likewise unclear (even considering that the court might take the broadest view possible of its ruling in the article 78 proceeding) that the restriction imposed therein is appropriate to the present situation or, indeed, would even be properly imposed. But the court is compelled, sua sponte, by reason of its basic responsibilities to the trial in progress, to direct the Sheriff of Rockland County to withhold delivery of the defendant Brown to Federal custody, unless the following conditions are fulfilled and are contained in a modified writ:
(1) that legal custody of the defendant Brown remain in the State of New York;
(2) that defendant Brown be returned by a date specified, or if said date is to be changed, that it be changed with the consent and approval of the District Attorney of Rockland County;
(3) that the Sheriff of Rockland County be a party to any modification of the writ and/or any stipulation to modify same.