People v Wills (2020 NY Slip Op 04976)





People v Wills


2020 NY Slip Op 04976


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX, JJ.


2017-09118
 (Ind. No. 605/14)

[*1]The People of the State of New York, respondent,
v
Ruben W. Wills, appellant.


Edelstein & Grossman, New York, NY (Jonathan I. Edelstein of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Nikki Kowalski, Andrew W. Amend, Jodi A. Danzig, Alyson J. Gill, Paul B. Lyons, Dennis A. Rambaud, Priscilla Steward, and Scott A. Eisman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Ira H. Margulis, J.), rendered August 10, 2017, convicting him of scheme to defraud in the first degree, grand larceny in the third degree (two counts), and offering a false instrument for filing in the first degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Queens County, for a new trial.
The defendant, a former New York City Council Member for District 28 in Queens, allegedly used grant money awarded to his nonprofit organization, New York 4 Life, by the New York State Office of Children & Family Services (hereinafter OCFS), and public campaign matching funds given to him by the New York City Campaign Finance Board, to pay for personal expenses. The defendant was indicted and, after a jury trial, was found guilty of grand larceny in the third degree (two counts), scheme to defraud in the first degree, and offering a false instrument for filing in the first degree (two counts).
The defendant contends that the verdict convicting him of the counts premised upon his alleged misappropriation of grant funds from OCFS was against the weight of the evidence. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt on these counts was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
However, the defendant was deprived of his "right to present evidence by witnesses of [his] own choosing [which] is a fundamental ingredient of due process" (People v McClinton, 75 AD2d 900, 900; see Jenkins v McKeithen, 395 US 411, 429; People v Gilliam, 37 NY2d 722; People v Bradley, 99 AD3d 934). The testimony of a defendant's witness should not be prospectively excluded unless it is offered in palpably bad faith (see People v McClinton, 75 AD2d at 900).
"Pursuant to Penal Law § 155.15(1) [i]n any prosecution for larceny committed by trespassory taking or embezzlement, it is an affirmative defense that the property was appropriated under a claim of right made in good faith'" (People v Tunit, 149 AD3d 1110, 1111). In this case, the defendant claimed that the money from the grant from OCFS was appropriated mistakenly but in good faith as reimbursement for expenses he personally paid for events occurring in 2008 and 2009, after the grant was awarded but in a time period not covered by the grant. The defendant intended to call as witnesses, a videographer who would attest to the fact that he "got paid" for services at a 2009 event, and others who would testify as to other expenses at that event. The Supreme Court precluded the testimony of these witnesses on the ground that they could not testify as to the source of the money that was used to pay them. Defense counsel thereafter renewed his application to have these witnesses testify, contending that the defendant was under the mistaken impression that the contract period of the grant was retroactive to 2008. Evidence of that mistaken impression was presented through the testimony of another witness, who claimed that documentary evidence of the expenses was lost in a flood of the offices of New York 4 Life, which occurred either in 2009 or during Hurricane Irene or Hurricane Sandy.
The record does not establish that the defendant was acting in bad faith in seeking to present the testimony of these witnesses at the trial. The proposed testimony did not deal with a collateral issue (cf. People v Daly, 64 NY2d 970), but, rather, went to the heart of the defendant's claim of right defense. Thus, it was error for the Supreme Court to have prospectively precluded the defendant's witnesses from testifying, and, under the facts of this case, that error cannot be deemed harmless.
We further note that this error, which related to the charges dealing with the alleged misappropriation of the grant money awarded to New York 4 Life, also prejudiced the defendant's defense with respect to the misappropriation of the matching campaign funds, since a substantial amount of the campaign funds was "donated" or transferred to New York 4 Life, and the People's theory was that the misappropriation of the matching campaign funds and grant money was part of a common scheme. Indeed, the prosecutor explicitly argued in summation that the two larcenies "corroborate each other."
The defendant's remaining contentions are for the most part unpreserved for appellate review and, in any event, without merit.
Accordingly, we reverse the judgment and remit the matter to the Supreme Court, Queens County, for a new trial.
RIVERA, J.P., COHEN, MILLER and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court