■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ETHAN FORBES, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered May 23, 1980, convicting him of attempted assault in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. The facts have been considered and are determined to have been established. The defendant sought to call his sister as a witness on his behalf. Criminal Term denied this request on the ground that her testimony would be collateral. This ruling was erroneous. The right to present evidence by witnesses of one's own choosing is a fundamental ingredient of due process (*Jenkins v McKeithen,* 395 US 411, 429), and the testimony of a defendant's witness should not be prospectively excluded unless it is offered in palpably bad faith (*People v Gilliam,* 37 NY2d 722, revg 45 AD2d 744 on the dissenting opn of Hopkins, J.; *People v McClinton,* 75 AD2d 900). As it cannot be said on this record that defendant was acting in bad faith, a new trial is required. We have considered defendant's other contentions and find them to be lacking in merit. Titone, J. P., Mangano, Bracken and Boyers, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL GOMEZ, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (De Lury, J.), rendered February 4, 1980, convicting him of burglary in the second degree, petit larceny and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence. Judgment affirmed. We reject defendant's contention that the People must prove beyond a reasonable doubt that a defendant has prior knowledge that his accomplices were armed with deadly weapons as an element of the offense of burglary in the second degree under section 140.25 (subd 1, par [a]) of the Penal Law. (See *People v Mann,* 102 Misc 2d 1101; Hechtman, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law, § 140.25, pp 47-48; cf. *People v Tracey A.,* 97 Misc 2d 1053.) Titone, J. P., Weinstein, O'Connor and Rubin, JJ., concur.