■ In the Matter of ANTONIO EMMI et al., Appellants, v ZONING BOARD OF APPEALS OF THE TOWN OF SALINA et al., Respondents. — Judgment unanimously affirmed, without costs, upon the opinion at Special Term, Murphy, J. (Appeal from judgment of Supreme Court, Onondaga County, Murphy, J. — art 78.) Present — Hancock, Jr., J. P., Callahan, Denman, Green and Moule, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALFRED LONG, Also Known as THOMAS SAUNDERS, Appellant, v ANDREW P. MELONI, as Sheriff of Monroe County, et al., Respondents. — Judgment unanimously affirmed. Memorandum: Contrary to relator's assertions, he was not denied his right of confrontation at the preliminary parole revocation hearing. Indeed, the hearing officer found that relator was entitled to examine the parole officer's notes pertaining to their prior meetings. After offers of a reasonable adjournment for the purpose of producing the notes and in the face of a showing that the notes could not be immediately produced, relator insisted that the hearing be conducted "forthwith." He thus waived his right to have the notes available for the preliminary parole revocation hearing, and the finding of probable cause was proper. (Appeal from judgment of Supreme Court, Monroe County, Boehm, J. — habeas corpus.) Present — Dillon, P. J., Doerr, Denman, O'Donnell and Schnepp, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY PARKER, Appellant. — Judgment unanimously affirmed. Memorandum: The People do not have to prove as an element of robbery in the first degree (Penal Law, § 160.15, subd 3) that a defendant knew that his accomplices intended to use, or threatened the immediate use of, a dangerous instrument (cf. *People v Gomez,* 87 AD2d 829). Mental culpability with respect to any of the aggravating factors that elevate a robbery to one in the first degree need not be established. (Appeal from judgment of Supreme Court, Monroe County, Boomer, J. — robbery, first degree, and other offenses.) Present — Dillon, P. J., Doerr, Denman, O'Donnell and Schnepp, JJ.

■ JOANNA LOGAN, Appellant, v CARMEN LOGAN, Respondent. — Judgment unanimously affirmed, without costs. Memorandum: We agree with Trial Term that the separation agreement did not convey an interest in real property. We do not reach the question of plaintiff's contract rights, since this theory was not pleaded in the complaint. (Appeal from judgment of Supreme Court, Onondaga County, Stone, J. — RPAPL art 15.) Present — Dillon, P. J., Doerr, Denman, O'Donnell and Schnepp, JJ.