■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGER FRANCOIS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Deeley, J.), rendered May 25, 1983, convicting him of burglary in the first degree, robbery in the first degree, and grand larceny in the third degree, after a nonjury trial, and imposing sentence.

Judgment affirmed.

Defendant's guilt was proven beyond a reasonable doubt. Lazer, J. P., O'Connor, Niehoff and Kunzeman, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT MALAVE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Kay, J.), rendered May 7, 1982, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Defendant argues on appeal that the trial court's charge was deficient because the jury was not informed that he had to share his coperpetrator's intent to commit a robbery with a gun. However, defendant made no objection to the Judge's charge and, therefore, the alleged error has not been preserved for our review (see, People v Thomas, 50 NY2d 467; CPL 470.05 [2]). In any event, we find that the Trial Judge's charge was in conformity with Penal Law § 160.15 and no error was committed. The People need not establish that defendant knew his coperpetrator intended to use a deadly weapon (see, People v Parker, 97 AD2d 943; cf. People v Gomez, 87 AD2d 829). O'Connor, J. P., Rubin, Eiber and Kunzeman, JJ., concur.