■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK CALANDRILLO, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Mallon, J.), rendered October 4, 1985, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends, *inter alia,* that the evidence presented at trial which led to a guilty verdict was purely circumstantial and as such did not prove his guilt beyond a reasonable doubt.

At trial, the People produced evidence that the defendant was at or near the burglarized home within 10 minutes of the burglary. Two witnesses testified they saw him run behind the home before the burglary and one witness testified he saw the defendant fleeing the property of a neighbor, whose backyard abuts the backyard of the burglarized residence, after the burglary. Moreover, the defendant's explanation that he was in the neighborhood searching for a hubcap he had lost the night before was completely refuted by police photographs of his car, bearing all four hubcaps, taken only hours after the burglary.

It has been consistently held by the courts that when the People seek to prove guilt solely by circumstantial evidence, the court must charge the jury that the guilt must flow naturally from the facts proved *(People v Ford,* 66 NY2d 428, 441; *People v Borrero,* 26 NY2d 430), and the evidence must exclude beyond a reasonable doubt every reasonable hypothesis of innocence *(People v Sanchez,* 61 NY2d 1022, 1024). Such a charge was given in this case. While the defendant sought to advance another explanation for his presence at the location in question, that explanation was contradicted by rebuttal testimony. Viewing the evidence adduced at trial in a light most favorable to the People *(People v Giuliano,* 65 NY2d 766; *People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), we find the evidence was clearly legally sufficient to support the defendant's conviction. Bearing in mind that great respect is to be accorded to the jurors' resolution of issues of the credibility of the witnesses, since the jurors are in the best position to make these determinations *(see, People v Gruttola,* 43 NY2d 116), upon the exercise of our factual review power, we are satisfied that the evidence established the defendant's guilt

beyond a reasonable doubt and that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The trial court properly denied the defendant's request to charge criminal trespass in the first degree as a lesser included count of burglary in the second degree. Criminal trespass in the first degree (Penal Law § 140.17) requires proof of possession of a firearm or deadly weapon, or proof that the defendant had an accomplice who the defendant knew had a deadly weapon. No such element is required for burglary in the second degree. Hence, the defendant could commit burglary in the second degree without committing criminal trespass in the first degree *(see, People v Glover,* 57 NY2d 61). Brown, J. P., Rubin, Kooper and Sullivan, JJ., concur.