■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARNET M. DAVIS, Appellant.—Judgment unanimously modified on the law and as modified affirmed and matter remitted to Supreme Court for resentencing, in accordance with the following memorandum: On appeal from a judgment convict-

ing him of first degree burglary, first degree robbery, second degree robbery, and third degree grand larceny, the People concede the merit of defendant's claim that he is entitled to the benefit of the ameliorative amendment of the larceny statute and that his grand larceny conviction must be reduced to petit larceny (see, People v Behlog, 74 NY2d 237; People v Bowers, 145 AD2d 981). Defendant's conviction must be modified accordingly and the matter remitted for resentencing.

Defendant's remaining contentions are without merit. The court did not err in refusing to charge third degree robbery as a lesser included offense under the second and third counts of the indictment. In order to establish first degree robbery, the People were not required to prove that defendant knew that his accomplice used or threatened to use a dangerous instrument (People v Malave, 114 AD2d 376; People v Parker, 97 AD2d 943). Thus, notwithstanding defendant's claim that he lacked such knowledge, there is no reasonable view of the evidence that would support a finding that defendant committed the lesser crime but not the greater one. Similarly, there is no reasonable view of the evidence establishing defendant's guilt of third degree robbery rather than second degree robbery. Defendant claimed that he could not remember his accomplice being there, not that defendant acted alone. In any event, knowledge of the presence of the accomplice is not an element of second degree robbery.

Admission of the testimony of the victims' neighbor did not violate the Molineux rule (see, People v Molineux, 168 NY 264). The events described were an integral part of the charged crime, which involved defendant breaking into the wrong house before realizing his mistake and breaking into the targeted home of the victims. Thus, the evidence was properly admitted under the intent or common scheme exceptions to the Molineux rule.

Finally, it was not against the weight of the evidence for the jury to reject the defense of intoxication. Defendant's testimony was incredible. (Appeal from judgment of Supreme Court, Erie County, Kubiniec, J.—robbery, first degree.) Present—Doerr, J. P., Denman, Boomer, Pine and Lawton, JJ.