(January 24, 1991)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REYNEL SANTIAGO, Appellant.—Judgment, Supreme Court, New York County (Clifford Scott, J.), rendered November 13, 1989, convicting defendant, after a jury trial, of burglary in the first degree, and sentencing him, as a violent predicate felon, to an indeterminate term of imprisonment of from 12½ to 25 years, unanimously affirmed.

Defendant and codefendant were arrested by police officers when leaving an apartment which they broke into without permission from its owner. The codefendant was holding a dagger, a screwdriver, a dagger sheath, lock picks and various items of jewelry belonging to the owner of the apartment.

Defendant contends that the court improperly refused to submit to the jury second degree burglary as a lesser included offense of burglary in the first degree. However, there was no rational-basis view of the evidence by which the jury could have concluded that the four-inch-long, double-blade pointed weapon, set in a wooden handle, could be considered a Swiss army knife rather than a dagger and thus the jury could not have found defendant committed the lesser offense but not the greater *(see generally, People v Glover,* 57 NY2d 61, 63). Nor was it necessary for the People to prove that defendant knew his codefendant was armed, as the only intent required for conviction of first degree burglary was the intent to unlawfully enter a dwelling for the purpose of committing a crime (Penal Law § 140.30; *see, People v Gomez,* 87 AD2d 829).

The trial court also properly exercised its discretion in

determining that the defendant's trial testimony opened the door so as to permit a modification of the *Sandoval* ruling to allow limited inquiry into details of his prior conviction. Because defendant's direct testimony that it was his habit never to carry weapons of any sort was misleading, and conveyed the impression that he would not have participated in the burglary had he known his codefendant had a dagger, the court modified the *Sandoval* ruling to allow the prosecutor to elicit that in a prior conviction it was well established that defendant had fired a loaded weapon. A *Sandoval* ruling does not allow a defendant to deceive the jury and be free from confrontation, as a defendant who takes the stand is obliged to speak truthfully and accurately. *(Harris v New York,* 401 US 222, 225-226; *People v Garcia,* 160 AD2d 258, *lv denied* 76 NY2d 857.) Nor was it improper for the court to refuse to permit collateral impeachment testimony *(People v Pavao,* 59 NY2d 282, 288).

We perceive no abuse of discretion in sentencing. *(People v Junco,* 43 AD2d 266, *affd* 35 NY2d 419, *cert denied* 421 US 951.)￼ Concur—Murphy, P. J., Carro, Kupferman, Asch and Kassal, JJ.