■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN PAGAN, Appellant. [641 NYS2d 641] —Judgment, Supreme Court, New York County (Felice Shea, J.), rendered October 22, 1993, convicting defendant, after a jury trial, of attempted robbery in the first and second degrees and attempted burglary

in the second degree, and sentencing him to concurrent terms of $1^1/_2$ to $4^1/_2$ years, 1 to 3 years and 1 to 3 years, respectively, unanimously affirmed.

Defendant's suppression motion was properly denied. The police had reasonable suspicion to forcibly detain defendant and his three companions for investigatory purposes where, responding to an early morning radio report of a robbery in progress at a bakery, there was no one in the street except for defendant and three companions, one of whom was standing on the steps to the bakery as defendant and the other two were walking rapidly away and ignored a police command to stop. After one of the police officers spoke to the person in the bakery who had telephoned in the report and was informed that several men had pounded on the front doors demanding entry, and jiggled the doorknob, the police had probable cause to arrest defendant. Accordingly, defendant's subsequent confession was not the product of an illegal detention.

There is no merit to defendant's contention that the court erred in refusing to instruct the jury that he could not be convicted of the attempted robbery and burglary counts unless he knew that his codefendant was in possession of a gun. Since "[t]he essence of the crime of robbery is forcible stealing" (*People v Miller*, 87 NY2d 211, 214), the prosecution need not prove as an element thereof that a defendant knew that his accomplices intended to use, or threaten the immediate use of, a dangerous instrument (*People v Parker*, 97 AD2d 943). Similarly, it is not necessary "for the People to prove that defendant knew his codefendant was armed, as the only intent required for conviction of first degree burglary was the intent to unlawfully enter a dwelling for the purpose of committing a crime" (*People v Santiago*, 169 AD2d 557, *lv denied* 77 NY2d 1000).

We have considered defendant's remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Rubin, Ross and Nardelli, JJ.