OPINION OF THE COURT
Rose H. Sconiers, J.
Relator Calvin Deyver, by writ of habeas corpus, challenges the legality of his preliminary parole revocation hearing conducted on October 21, 1996. Relator seeks an order declar *84 ing that he is unlawfully detained, vacating the warrant, canceling his delinquency and restoring him to parole supervision.
Relator contends that he was denied his right to confront and cross-examine his parole officer, the only witness called to testify against him. (Executive Law § 259-i [3] [c] [iii], [v].)
At the hearing, Parole Officer Richard Mata noted that his testimony was based upon certain recollections of conversations with and directives issued to relator during various office reports in the month of July 1996. Officer Mata also testified that he had made notes either during or immediately after those meetings and that he had referred to those notes in preparation for the hearing. Counsel for relator thereupon requested to see these notes for his review and use during cross-examination. However, Officer Mata reported that he had not brought them to the hearing. Counsel, therefore, requested that they be produced and suggested a brief adjournment in order that they might be secured. However, despite four days remaining to the respondent to complete the hearing, the Hearing Officer denied the request for production of notes and directed counsel to proceed with cross-examination.
In pressing his argument, relator asserts that the right to confront and cross-examine adverse witnesses, as statutorily and constitutionally protected, includes a full range of discovery rights to assure that cross-examination be as full and effective as possible. (Citing People v Rosario, 9 NY2d 286, cert denied 368 US 866 [1961], and its progeny.)
Respondents contend, however, that those rights in an administrative hearing have been specifically found to differ from the constitutional protections relied upon by the relator. For example, in People ex rel. Maiello v New York State Bd. of Parole (65 NY2d 145, 146-147 [1985]) the Court of Appeals stated:
"A violation of a constitutional right may have different consequences depending upon whether the evidence obtained in violation of that right is attempted to be used in criminal or noncriminal proceedings * * *
"a parole revocation hearing is different from a criminal trial conducted to determine guilt or innocence, and is, instead, an administrative proceeding at which it is determined whether a parolee violated the terms of parole.”
In citing Maiello (supra), the appellate court in Matter of Milbum v New York State Div. of Parole (173 AD2d 1016, 1017 *85 [1991]) further held: "Moreover, were we to reach the merits of the petitions, the result would be no different. The right of a criminal defendant to discovery of exculpatory material in the possession of the prosecution (see, Brady v Maryland, 373 US 83) or to be provided with prior written or recorded statements of trial witnesses (see, CPL 240.45 [1] [a]; People v Rosario, 9 NY2d 286, cert denied 386 US 866) has no application in an administrative proceeding to revoke parole (see, Executive Law § 259-i [3] [f\ [v] * * *)”.
In response, relator argues that this matter is distinguishable from those cases which have held that Rosario discovery is not otherwise available in administrative proceedings, because relator is not so much attempting to enforce discovery as he is seeking to preserve his right to cross-examination. In this regard relator relies heavily upon People ex rel. Long v Meloni (97 AD2d 943 [4th Dept 1983]) as controlling.
In Long (supra) the Hearing Officer agreed that the relator was entitled to examine the parole officer’s notes and offered an adjournment so that they might be retrieved. The relator, however, insisted the hearing be conducted " 'forthwith’ ” (supra, at 943). Thus, the Appellate Division found that the relator had "waived his right to have the notes available for the preliminary parole revocation hearing, and the finding of probable cause was proper.” (Supra, at 943.) While the emphasis of this decision is upon the relator’s waiver of his rights, this court must also conclude that this waiver did not occur in a legal vacuum and that, at least, through dictum, the Appellate Division has recognized that a witness’ notes should be available at such a hearing.
This court, therefore, finds that requiring the production of a witness’ notes before an administrative hearing is not so much a grant of a full discovery right to prior written or recorded statements of witnesses as envisioned in Maiello (supra), but rather, is merely a conformance with the relator’s statutory right to effective cross-examination. Such production, which is neither burdensome nor destructive to the hearing process but which is essential to a knowledgeable examination of the facts to which the witness has just testified, constitutes only fundamental fairness in a quasi-judicial process, which to the parolee is a matter of considerable magnitude.
After all, while parole may be a privilege, nonetheless, it is one earned by the inmate’s good behavior during incarceration. Its subsequent loss by revocation does not merely return an inmate to his status quo but strips a parolee of his freedom *86 and returns him to prison, most likely for the remainder of the original sentence.
Societal protection demands that until the parolee has successfully completed the term and conditions of his release and thereby earned the constitutional protections of a law-abiding citizen, his communal conduct must be subjected to close scrutiny and his parole revoked at the first misstep, no matter how innocuous. The subsequent review process, therefore, need only provide the parolee with those rights which the Legislature has statutorily provided. However, because that review impacts on the parolee’s very freedom it must, at least, assure the parolee a minimum opportunity to test the testimony against him. That opportunity to meaningful cross-examination, this court believes, necessitates the production, after direct examination, of the witness’ relevant notations for review by the cross-examiner.
Accordingly, the relator having been denied production of the parole officer’s notes prior to cross-examination at the preliminary parole revocation hearing herein, the petition herein is granted insofar as the findings of the Hearing Officer are vacated and this matter is remanded for a rehearing, in conformance with this memorandum decision.