■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES H. GAGE, Appellant. [687 NYS2d 202] —Mikoll, J. Appeal from a judgment of the County Court of Schenectady County (Lamont, J.), rendered December 20, 1996, upon a verdict convicting defendant of four counts of the crime of robbery in the second degree.

Defendant was convicted of four separate convenience store robberies in the Towns of Rotterdam and Niskayuna, Schenectady County. The trial evidence established that on March 15, 16 and 17, 1996, defendant drove his accomplice, James Eleby, to a Stewart's store, two Mobil Marts and a Dunkin' Donuts. Defendant waited outside in his vehicle while Eleby entered the stores and forcibly stole money therefrom; when Eleby reentered defendant's waiting vehicle, they fled the scenes together and divided the proceeds of the crimes. Defendant testified that although he drove Eleby to various stores, he was unaware of his intention to rob them. In a statement which defendant gave to police following his arrest, however, and which was admitted at trial, defendant admitted knowing that Eleby was stealing from the stores, but denied any participation or shared intent. On this appeal, defendant challenges the legal sufficiency and weight of the evidence, asserts that the accomplice testimony of Eleby was insufficiently corroborated and claims that County Court erred in the charges submitted to the jury.

We are not persuaded. As a preliminary matter, we note that although defendant was also indicted for these robberies under Penal Law § 160.10 (1) (alleging that he was "actually present" during the commission of the crimes), he was convicted only of those counts charging accessorial liability under Penal Law § 160.10 (2) (b), based upon Eleby's display of "what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm". We therefore do not consider the arguments advanced by defendant and the People which relate to the elements of Penal Law § 160.10 (1), specifically the criteria for an accomplice to be deemed "actually present".

Addressing first defendant's contention that the evidence was not legally sufficient to support the jury's finding, we assess this claim in the context of whether the evidence, viewed in the light most favorable to the People, could lead a rational trier of fact to conclude that the elements of the crimes had been proven beyond a reasonable doubt (see, People v Contes, 60 NY2d 620, 621). The gist of defendant's argument is that while the evidence established that he drove Eleby to the locations of the robberies, it did not establish his own requisite mental culpability in that there was no proof that he was aware that Eleby intended to forcibly steal property or that while inside the stores, Eleby displayed what appeared to be a firearm. This claim requires scrutiny only insofar as it relates to defendant's knowledge and shared intent as to Eleby's forcible stealing; his awareness that Eleby would or did display

what appeared to be a firearm is unnecessary to his own enhanced liability therefor. "Whether the robber commits a first, second or third degree robbery offense, the requisite intent remains the same. Thus, the People bear no greater burden to establish a robber's culpable mental state when that person is charged with first degree robbery as compared to a second or third degree robbery. Rather, it is the presence of statutorily designated aggravating factors which elevates the severity of the crime" (*People v Miller*, 87 NY2d 211, 217). Further, this strict liability for an aggravating circumstance attaches to an accomplice, regardless of the latter's degree of intent, knowledge or conduct with respect to the aggravating circumstance (*see, id.; People v Mitchell*, 235 AD2d 321, *lv denied* 90 NY2d 861; *People v Pagan*, 227 AD2d 133, *lv denied* 88 NY2d 991; *see also, Matter of Angel V.*, 247 AD2d 343, *lv denied* 92 NY2d 803; *People v Santiago*, 169 AD2d 557, *lv denied* 77 NY2d 1000; Donnino, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law § 20.00, at 72; *op. cit.,* art 160, at 318). Consequently, if the proof is sufficient, and we think it is, to establish defendant's culpable mental state with respect to forcible stealing, it is of no moment that he was unaware that Eleby would display what appeared to be a firearm. The issue of defendant's intent was a question of fact for the jury to resolve. From the evidence which established his direct participation in the crime, and permissible inferences to be drawn therefrom, the jury could reasonably have found that defendant shared a "community of purpose" (*People v Allah*, 71 NY2d 830, 832) with Eleby and acted as his accomplice in the robberies, and that the elements of the crimes had been proven beyond a reasonable doubt.

Nor can we say that the verdict was contrary to the weight of the evidence. Viewing the evidence in a neutral light, and according deference to the fact finder's ability to observe the witnesses and evaluate their credibility (*see, People v Bleakley*, 69 NY2d 490, 495; *People v Rose*, 215 AD2d 875, *lv denied* 86 NY2d 793, 801), we cannot say that the jury failed to give the evidence the weight it should have been accorded.

Similarly without merit is defendant's contention that the accomplice testimony of Eleby was insufficiently corroborated. To satisfy the corroboration requirement of CPL 60.22 (1), the independent proof must connect the defendant with the offense sufficiently to convince the jury that the accomplice is telling the truth; it need not independently prove that defendant committed the crime (*see, People v Smith*, 55 NY2d 945; *People v Bass*, 255 AD2d 689, 691). By his own testimony, defendant

acknowledged that he drove Eleby to the sites of the robberies. While denying knowledge of Eleby's activities once inside the stores, the jury was free to accept so much of defendant's testimony as it found credible and to reject the balance (*see, People v Rose, supra*, at 877).

We summarily reject defendant's argument that County Court impermissibly charged lesser-included offenses to the jury. Defendant was charged with robbery in the second degree in the indictment. Whether or not the trial court properly charged robbery in the third degree as a lesser-included offense is academic in view of defendant's conviction on the higher charge.

Cardona, P. J., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.