THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARC LEWIS, Appellant. [716 NYS2d 204] —Judgment unanimously affirmed. Memorandum: Defendant was convicted following a jury trial of robbery in the first degree (Penal Law §§ 20.00, 160.15 [4]) and related counts of grand larceny in the fourth degree (Penal Law §§ 20.00, 155.30 [4], [5], [10]) arising from his participation in the armed theft of a purse from an elderly woman. There is no merit to the contention of defendant that County Court should have suppressed his statement to the police as the product of an unlawful arrest of defendant in his home without a warrant. The record supports the court's determination that the police entered defendant's residence with the voluntary consent of a guest who had been living there for approximately one week, and thus possessed the requisite degree of authority and control over the premises to consent to the entry (*see, People v Cosme,* 48 NY2d 286, 290;

*People v Johnson*, 202 AD2d 966, 967, *lv denied* 84 NY2d 827; *People v Long*, 124 AD2d 1016, 1017).

There is likewise no merit to the contention of defendant that his statement should have been suppressed because the police deliberately isolated him from his parents and interrogated him without benefit of counsel. At the time of his arrest defendant was 17 years old, and was legally an adult (*see, People v Salaam*, 83 NY2d 51, 54-55, 57; *People v Page*, 225 AD2d 831, 833, *lv denied* 88 NY2d 883). Thus, there was no requirement that defendant's parents be Present during the police questioning (*see, People v Dearstyne*, 230 AD2d 953, 958, *lv denied* 89 NY2d 921, 1034; *People v Page, supra*, at 833). Although police conduct that purposely isolates a youthful suspect from his family or other supportive adults in order to secure an inculpatory statement cannot be tolerated (*see, People v Bevilacqua*, 45 NY2d 508, 513-515; *People v Townsend*, 33 NY2d 37), the record establishes that defendant never asked to speak with his parents and voluntarily waived his *Miranda* rights at approximately the same time that his parents arrived at the police station and asked to speak with him. The record supports the court's determination that the police did not use deception or trickery in order to isolate defendant from his parents and reasonably believed that defendant voluntarily agreed to cooperate with the police and waive his *Miranda* rights (*see, People v Kern*, 149 AD2d 187, 217-219, *affd* 75 NY2d 638, *cert denied* 498 US 824).

Contrary to defendant's contention, the court properly allowed the People to amend their bill of particulars at the close of their proof (*see*, CPL 200.95 [8]). There was no "undue prejudice" to defendant because the amendment did not change the theory of the People's case, and the court properly determined that the prosecutor acted in good faith (CPL 200.95 [8]; *see, People v Wilson*, 252 AD2d 960, *lv denied* 92 NY2d 931; *People v Jarvis*, 215 AD2d 588, *lv denied* 86 NY2d 782).

Finally, there is no merit to the contention of defendant that the evidence is legally insufficient to convict him of robbery in the first degree as an accomplice. Defendant contends that the only evidence of his involvement in the armed robbery was his own statement, which does not establish that he knew that the robber had a gun or that defendant encouraged, aided, assisted or importuned the robber to use the gun to steal the victim's purse. Where, as here, the proof is sufficient to establish defendant's culpable mental state with respect to forcible stealing, it is of no moment that defendant was unaware that a co-defendant was armed with a gun. "[T]he People bear no greater

burden to establish a robber's culpable mental state when that person is charged with first degree robbery as compared to a second or third degree robbery. Rather, it is the presence of statutorily designated aggravating factors which elevates the severity of the crime" (*People v Miller*, 87 NY2d 211, 217). "[T]his strict liability for an aggravating circumstance attaches to an accomplice, regardless of the latter's degree of intent, knowledge or conduct with respect to the aggravating circumstance" (*People v Gage*, 259 AD2d 837, 839, *lv denied* 93 NY2d 924, 970). Here, the evidence is sufficient to establish that defendant "shared a 'community of purpose' " with the actual robber (*People v Allah*, 71 NY2d 830, 832; *see, People v Gage, supra*, at 839), and is therefore legally sufficient to support defendant's conviction of robbery in the first degree as an accomplice (*see*, Penal Law §§ 20.00, 160.15 [4]). (Appeal from Judgment of Monroe County Court, Bristol, J.—Robbery, 1st Degree.) Present—Pigott, Jr., P. J., Pine, Hayes, Wisner and Kehoe, JJ.