People v Depugh (2018 NY Slip Op 01094)





People v Depugh


2018 NY Slip Op 01094


Decided on February 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 15, 2018

107762

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
MELISSA M. DEPUGH, Appellant.

Calendar Date: January 11, 2018

Before: Garry, P.J., Egan Jr., Lynch, Devine and Clark, JJ.


Edward W. Goehler, Cortland, for appellant.
Stephen K. Cornwell Jr., District Attorney, Binghamton (Stephen D. Ferri of counsel), for respondent.


Egan Jr., J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered July 1, 2015, convicting defendant upon her plea of guilty of the crime of attempted robbery in the second degree.
Defendant pleaded guilty to attempted robbery in the second degree and was sentenced to 2½ years in prison, to be followed by three years of postrelease supervision. Defendant now appeals.
We affirm. Defendant's challenge to the factual sufficiency of the plea allocution is unpreserved for our review in the absence of an appropriate postallocution motion (see People v Lopez, 71 NY2d 662, 665-666 [1988]; People v Neal, 133 AD3d 920, 921 [2015], lvs denied 26 NY3d 1107, 1110 [2016]).
Contrary to defendant's contention, the narrow exception to the preservation rule is not applicable, inasmuch as she made no statements during the plea colloquy that negated an essential element of the crime so as to require further inquiry from County Court (see People v Lopez, 71 NY2d at 666; People v McElhiney, 237 AD2d 827, 827 [1997], lv denied 90 NY2d 861 [1997]). Defendant admitted during the plea colloquy that she and an associate went to the victim's home in order to rob him and that the associate displayed what appeared to be a firearm during the commission of the crime (see Penal Law §§ 20.00, 160.10 [2] [b]). The fact that defendant did not display a firearm and denied having knowledge that her associate was going to do so did not negate an element of the crime (see People v Vicioso, 116 AD3d 1250, 1251 [*2][2014]; People v Gage, 259 AD2d 837, 838-839 [1999], lvs denied 93 NY2d 924, 970 [1999]).
Garry, P.J., Lynch, Devine and Clark, JJ., concur.
ORDERED that the judgment is affirmed.