People v Mayes (2021 NY Slip Op 06706)





People v Mayes


2021 NY Slip Op 06706


Decided on December 1, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SYLVIA O. HINDS-RADIX, J.P.
COLLEEN D. DUFFY
BETSY BARROS
LINDA J. CHRISTOPHER, JJ.


2018-09320
 (Ind. No. 115/17)

[*1]The People of the State of New York, respondent,
v
Jarrin Mayes, appellant.


Yasmin Daley Duncan, Brooklyn, NY, for appellant, and appellant pro se.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Peter M. Forman, J.), rendered June 26, 2018, convicting him of robbery in the first degree (nine counts), burglary in the first degree (four counts), robbery in the second degree (seven counts), burglary in the second degree, assault in the second degree (three counts), criminal possession of a weapon in the second degree (two counts), tampering with physical evidence, and attempted tampering with physical evidence, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.
ORDERED that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of robbery in the first degree under counts 3, 4, 5, and 6 of the indictment, and burglary in the first degree under count 12 of the indictment, beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt as to these counts was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the defendant's contention, the County Court properly denied that branch of his omnibus motion which was to suppress showup identification evidence. Exigent circumstances existed warranting the showup identifications because the police needed to determine whether they had apprehended the right person in connection with the shooting or if they should keep looking for other suspects (see People v Howard, 22 NY3d 388, 402; People v Perez, 168 AD3d 475, 475). Even if there were no exigent circumstances, the showup identifications were permissible because they were conducted in close geographic and temporal proximity to the crimes, and the procedures used were not unduly suggestive (see People v Brisco, 99 NY 2d 596, 597; People v Ervin, 118 AD3d 910, 911).
Contrary to the defendant's contention, the County Court properly denied his request for a missing witness charge, as the People established that the proffered witness's testimony would have been cumulative to other evidence, that the witness was not available, and that the witness was not under the People's control (see People v Gonzalez, 68 NY2d 424, 427-28; People v Anderson, 180 AD3d 923, 925). Even if the witness had initially been available to the People and within their control, that situation had changed by the time of trial as the result of her behavior, and there was no basis for the jury to draw any adverse inference against the People based upon their inability to bring the witness to court (see People v Hall, 169 AD3d 1379, 1381-1382; People v Mobley, 77 AD3d 488, 489). In any event, any error in denying the defendant's request for the missing witness charge was harmless, as there was overwhelming evidence of the defendant's guilt and no significant probability that the error contributed to the defendant's convictions (see People v Dorcinvil, 122 AD3d 874, 877-878; People v Johnson, 95 AD3d 1237).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's contention in his pro se supplemental brief that he received ineffective assistance of counsel is without merit. The record as a whole demonstrates that the defendant received effective assistance of counsel under both the federal and state constitutional standards (see Strickland v Washington, 466 US 668, 688; People v Baldi, 54 NY2d 137, 147).
The defendant's remaining contentions in his main brief and his pro se supplemental brief are unpreserved for appellate review and, in any event, without merit.
HINDS-RADIX, J.P., DUFFY, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court