People v Harris (2022 NY Slip Op 03007)

People v Harris

2022 NY Slip Op 03007

Decided on May 4, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
SHERI S. ROMAN
LINDA CHRISTOPHER
DEBORAH A. DOWLING, JJ.

2019-11958
 (Ind. No. 17-01013)

[*1]The People of the State of New York, respondent,
v
Jasmin Harris, appellant.

Mark Diamond, New York, NY, for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (William C. Milaccio of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Barry E. Warhit, J.), rendered September 20, 2018, convicting him of attempted assault in the first degree (two counts), upon his plea of guilty, and imposing sentence. The appeal brings up for review an order of protection dated September 20, 2018, issued at the time of sentencing.
ORDERED that upon the appeal from the judgment, so much of the order of protection dated September 20, 2018, as directed that it remain in effect until September 20, 2036, less the defendant's jail time credit, to be computed by the applicable department of correction, is vacated, on the law and as a matter of discretion in the interest of justice, and the matter is remitted to the Supreme Court, Westchester County, for a new determination of the duration of the order of protection, consistent herewith; and it is further,
ORDERED that the judgment is affirmed.
The defendant contends that his plea of guilty was not knowing, voluntary, and intelligent. This contention is unpreserved for appellate review, since he did not move to withdraw his plea or otherwise raise the issue before the Supreme Court (see CPL 220.60, 470.05[2]; People v Peque, 22 NY3d 168, 182; People v Lopez, 71 NY2d 662, 665-666). In any event, the defendant's contention is without merit (see People v Goldstein, 12 NY3d 295, 301; People v Lopez, 71 NY2d at 666 n 2).
The Supreme Court set the duration of an order of protection issued at the time of sentencing as "September 20, 2036, less the defendant's jail time credit, which is to be computed by the applicable department of correction." As the People correctly concede, in doing so, the court "effectively failed to set a definite expiration date, and thus, duration, for the order of protection" (People v Chambers, 177 AD3d 645, 646; see CPL 530.13[4], [5]). Accordingly, we vacate so much of the order of protection dated September 20, 2018, as directed that it remain in effect until September 20, 2036, less the defendant's jail time credit, to be computed by the applicable department of correction, and remit the matter to the Supreme Court, Westchester County, for a new determination of the duration of the order of protection (see People v Chambers, 177 AD3d at 647).
The defendant's remaining contentions relating to the order of protection are unpreserved for appellate review, and we decline to review them in the exercise of our interest of justice jurisdiction (see People v Nieves, 2 NY3d 310, 315-317).
LASALLE, P.J., ROMAN, CHRISTOPHER and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court