People v Augustin-Miranda (2023 NY Slip Op 02131)

People v Augustin-Miranda

2023 NY Slip Op 02131

Decided on April 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
WILLIAM G. FORD
LILLIAN WAN, JJ.

2020-07959
 (Ind. No. 311/19)

[*1]The People of the State of New York, respondent,
v
Jonathan Augustin-Miranda, appellant.

Mark Diamond, New York, NY, for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (Raffaelina Gianfrancesco of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Susan Cacace, J.), rendered September 29, 2020, convicting him of course of sexual conduct against a child in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review an order of protection issued at the time of sentencing.
ORDERED that upon the appeal from the judgment, so much of the order of protection as directed that it remain in effect until and including September 29, 2052, less the defendant's jail time credit, to be computed by the applicable department of correction, is vacated, as a matter of discretion in the interest of justice, and the matter is remitted to the County Court, Westchester County, for a new determination of the duration of the order of protection consistent herewith; and it is further,
ORDERED that pending the new determination as to the duration of the order of protection, the order of protection shall remain in effect; and it is further,
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the County Court did not improvidently exercise its discretion in failing to, sua sponte, order a competency hearing pursuant to CPL 730.30 (see People v Richardson, 195 AD3d 949, 949; People v Curran, 174 AD3d 818, 818; People v Carrion, 65 AD3d 693, 694).
The defendant's contentions that the order of protection issued at sentencing should be vacated because the County Court failed to state on the record the reasons for issuing it or to inform him of the ramifications of the order of protection are unpreserved for appellate review, since he failed to object to the order of protection at sentencing or otherwise raise these issues before the court (see CPL 470.05[2]; People v Byers, 211 AD3d 746; People v Regan, 204 AD3d 833). We decline to review these contentions in the exercise of our interest of justice jurisdiction, since the defendant agreed to the issuance of the order of protection as part of his plea agreement (see People v Byers, 211 AD3d 746; People v D.A., 184 AD3d 581, 583).
The defendant's contention that the County Court effectively failed to fix the duration of the order of protection is unpreserved for appellate review (see CPL 470.05[2]; People v Nieves, 2 NY3d 310, 316), but we nevertheless reach that issue in the exercise of our interest of justice jurisdiction (see People v Chambers, 177 AD3d 645, 646). The court set the duration of the order of protection as "until and including September 29, 2052, less the defendant's jail time credit, which is to be computed by the applicable department of correction." As the People correctly concede, in doing so, the court "'effectively failed to set a definite expiration date, and thus, duration, for the order of protection'" (People v Harris, 205 AD3d 733, 733, quoting People v Chambers, 177 AD3d at 646). Accordingly, we vacate so much of the order of protection as directed that it remain in effect until and including September 29, 2052, less the defendant's jail time credit, to be computed by the applicable department of correction, and remit the matter to the County Court, Westchester County, for a new determination of the duration of the order of protection (see People v Harris, 205 AD3d at 733).
The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit.
DUFFY, J.P., WOOTEN, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court