People v Deas (2024 NY Slip Op 01937)

People v Deas

2024 NY Slip Op 01937

Decided on April 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
LOURDES M. VENTURA, JJ.

2022-04574
 (Ind. No. 7/21)

[*1]The People of the State of New York, respondent,
v
Trejuan Deas, appellant.

Mark Diamond, Pound Ridge, NY, for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (Brian R. Pouliot, Raffaelina Gianfrancesco, and William C. Milaccio of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Barry E. Warhit, J.), rendered April 15, 2022, convicting him of burglary in the first degree, burglary in the second degree, robbery in the second degree, and assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence, as well as an order of protection issued at the time of sentencing.
ORDERED that upon the appeal from the judgment, so much of the order of protection as directed that it remain in effect until and including April 15, 2046, less the defendant's jail time credit, to be computed by the applicable department of correction, is vacated, as a matter of discretion in the interest of justice, and the matter is remitted to the Supreme Court, Westchester County, for a new determination of the duration of the order of protection consistent herewith; and it is further,
ORDERED that pending the new determination as to the duration of the order of protection, the order of protection shall remain in effect; and it is further,
ORDERED that the judgment is affirmed.
Responding to a 911 report of a home invasion in progress in Yonkers, police officers observed the defendant exiting a window from the home in question and apprehended the defendant following a brief pursuit on foot. The defendant was positively identified by the complainants from showup procedures that were conducted in front of the complainants' home, less than two hours after the incident. In connection with this home invasion, which resulted in injuries to an elderly complainant, the defendant was convicted of burglary in the first degree, burglary in the second degree, robbery in the second degree, and assault in the second degree.
Contrary to the defendant's contention, the Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress showup identification evidence. Exigent circumstances existed warranting the showup identifications because the police officers needed to determine whether they had apprehended the right person in connection with the home [*2]invasion or whether they should keep looking for other suspects (see People v Howard, 22 NY3d 388, 402; People v Mayes, 200 AD3d 718). Even if there were no exigent circumstances, the showup identifications were permissible because they were conducted in close geographic and temporal proximity to the crimes, and the procedures used were not unduly suggestive (see People v Mayes, 200 AD3d at 719). The showup procedures were not rendered unduly suggestive by the fact that the defendant was handcuffed and in the presence of police officers or the fact that the police officers shined lights on the defendant (see People v Croom, 171 AD3d 781, 782; People v Bartlett, 137 AD3d 806, 807).
The defendant's contention that the evidence was legally insufficient to support his conviction of assault in the second degree is unpreserved for appellate review (see CPL 470.05[2]; People v Finger, 95 NY2d 894, 895) and, in any event, without merit. Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of assault in the second degree beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 349). Based on the trial evidence, a rational trier of fact could have found, beyond a reasonable doubt, that the defendant intentionally caused physical injury to a person who was 65 years of age or older and that the defendant was more than 10 years younger than the injured person, and the People were not required to prove that the defendant knew that the injured person was 65 years of age or older (see Penal Law § 120.05[12]; People v Burman, 173 AD3d 1727, 1730). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d at 349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt on this count was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant failed to preserve for appellate review his contention that a photograph of the codefendant pointing a gun at his own head, which was found on the codefendant's cell phone, should not have been admitted at trial, since the defendant did not join in the codefendant's objection to the admission of this photograph, nor raise any objection on his own behalf. In any event, the contention is without merit. Photographic evidence "should be excluded only if its sole purpose is to arouse the emotions of the jury and to prejudice the defendant" (People v Pobliner, 32 NY2d 356, 370). When an inflammatory photograph is relevant to a material issue at trial, the court has broad discretion to determine whether the probative value of the photograph outweighs any prejudice to the defendant (see People v Texidor, 123 AD3d 746, 746). Here, the photograph in question was relevant to material issues in the case, and the Supreme Court providently exercised its discretion in admitting it into evidence (see People v Wells, 161 AD3d 1200; People v Pope, 253 AD2d 443).
The defendant was afforded the effective assistance of counsel (see Strickland v Washington, 466 US 668; People v Benevento, 91 NY2d 708, 713; People v Baldi, 54 NY2d 137, 146-147). There is no merit to the defendant's contention that the Supreme Court was required to charge the jury that the People had to prove beyond a reasonable doubt that the defendant had prior knowledge that his accomplice was armed with a deadly weapon as an element of the offense of burglary in the second degree under Penal Law § 140.25(1)(d) (see People v Calandrillo, 134 AD2d 271, 272; People v Gomez, 87 AD2d 829; cf. People v Malave, 114 AD2d 376). Counsel therefore cannot be deemed ineffective for failing to request such a charge (see People v Caban, 5 NY3d 143, 152).
There is also no merit to the defendant's contention that the People's trial statement of readiness was illusory, based upon the People's disclosure of certain inculpatory DNA evidence during the middle of trial. "A statement of readiness at a time when the People are not actually ready is illusory and insufficient to stop the running of the speedy trial clock" (People v England, 84 NY2d 1, 4). Here, the record establishes that the People's failure to disclose the DNA evidence in a timely fashion was inadvertent and without bad faith or a lack of due diligence. Moreover, there is no indication that the People had otherwise knowingly attempted to delay the trial. The People took sufficient and immediate steps to provide the DNA evidence to the defendant once they were made aware of its existence, and were also precluded from introducing this evidence, which was highly [*3]favorable to the People, at trial. Notably, the defendant did not request additional sanctions or accommodations, short of dismissal of the indictment, based upon the delayed disclosure of the DNA evidence. Accordingly, the defendant's contention is without merit (see People v Bay, _____ NY3d _____, _____, 2023 NY Slip Op 06407, *2; see also CPL 245.50; 245.80[1][a]). Contrary to the defendant's related contention, the Supreme Court was without inherent or statutory authority to dismiss the indictment in the middle of trial on this ground (see People v Roesch, 163 AD2d 429, 430; People v Sullivan, 142 AD2d 695, 696; see also CPL 30.30; 210.20[1][g], [2]).
The defendant's contention that the Supreme Court effectively failed to fix the duration of the order of protection is unpreserved for appellate review (see CPL 470.05[2]; People v Nieves, 2 NY3d 310, 316), but we nevertheless reach that issue in the exercise of our interest of justice jurisdiction (see People v Augustin-Miranda, 215 AD3d 981, 982; People v Chambers, 177 AD3d 645, 646). The court set the duration of the order of protection as "until and including April 15, 2046, less the defendant's jail time credit, which is to be computed by the applicable department of correction." As the People correctly concede, in doing so, the court "'effectively failed to set a definite expiration date, and thus, duration, for the order of protection'" (People v Harris, 205 AD3d 733, 733, quoting People v Chambers, 177 AD3d at 646). Accordingly, we vacate so much of the order of protection as directed that it remain in effect until and including April 15, 2046, less the defendant's jail time credit, to be computed by the applicable department of correction, and remit the matter to the Supreme Court, Westchester County, for a new determination of the duration of the order of protection (see People v Harris, 205 AD3d at 733).
Contrary to the defendant's contention, the issuance of an order of protection with respect to the mother of one of the complainants was proper, since she was a member of the complainant's family and household (see People v Delaurentis, 216 AD3d 664, 665).
The defendant's remaining contentions are without merit.
BARROS, J.P., MILLER, FORD and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court