People v Carrington (2025 NY Slip Op 02929)

People v Carrington

2025 NY Slip Op 02929

Decided on May 14, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2023-02923
 (Ind. No. 1378/20)

[*1]The People of the State of New York, respondent,
v
Rodney Carrington, appellant.

Patricia Pazner, New York, NY (Russ Altman-Merino of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Danielle M. O'Boyle, and Maryam Sheikh of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Toni M. Cimino, J.), rendered March 16, 2023, convicting him of assault in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review an order of protection issued at the time of sentencing.
ORDERED that upon the appeal from the judgment, so much of the order of protection as directed that it remain in effect until and including March 15, 2033, is vacated, on the law, and the matter is remitted to the Supreme Court, Queens County, for a new determination of the duration of the order of protection consistent herewith; and it is further,
ORDERED that pending a new determination as to the duration of the order of protection, the order of protection shall remain in effect; and it is further,
ORDERED that the judgment is affirmed.
The defendant's contention that the order of protection issued at the time of sentencing should be vacated because the Supreme Court failed to state on the record the reasons for issuing it (see CPL 530.12[5]) is unpreserved for appellate review, since the defendant failed to object to the order of protection at sentencing or otherwise raise the issue before the court (see id. § 470.05[2]; People v Augustin-Miranda, 215 AD3d 981). Under the circumstances presented, we decline to review that contention in the exercise of our interest of justice jurisdiction (see CPL 470.15[6][a]; People v Newman, 234 AD3d 877; People v Daniel, 233 AD3d 704).
Although the defendant did not object to the duration of the order of protection, he had no practical ability to do so, as the Supreme Court did not announce the duration at either the plea or sentencing proceedings (see People v Daniel, 233 AD3d at 705; People v Gonzalez, 207 AD3d 656, 657). Thus, the rule of preservation does not apply (see People v Newman, 234 AD3d at 878; People v Gonzalez, 207 AD3d at 657). As the People correctly concede, the duration of the order of protection exceeded the maximum period permissible under CPL 530.13(4)(A) (see People v Lloyd, 235 AD3d 900, 901). Accordingly, we vacate so much of the order of protection as directed that it remain in effect until and including March 15, 2033, and remit the matter to the Supreme [*2]Court, Queens County, for a new determination of the duration of the order of protection (see People v Newman, 234 AD3d at 878; People v Gonzalez, 207 AD3d at 658). Pending a new determination as to the duration of the order of protection, the order of protection shall remain in effect.
IANNACCI, J.P., WOOTEN, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court