People v Emanuel (2025 NY Slip Op 03585)

People v Emanuel

2025 NY Slip Op 03585

Decided on June 11, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 11, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2022-02307
 (Ind. No. 7/21)

[*1]The People of the State of New York, respondent,
v
Joshua Emanuel, appellant.

Scott M. Bishop, White Plains, NY, for appellant.
Jeffrey A. Cohen and Lisa Colosi Florio, Special District Attorneys, White Plains, NY, for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Barry E. Warhit, J.), rendered March 3, 2022, convicting him of burglary in the first degree, burglary in the second degree, robbery in the second degree, and tampering with physical evidence, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence, as well as orders of protection issued at the time of sentencing.
ORDERED that upon the appeal from the judgment, so much of the orders of protection as directed that they remain in effect until and including March 3, 2041, less the defendant's jail time credit, to be computed by the applicable department of correction, are vacated, as a matter of discretion in the interest of justice, and the matter is remitted to the Supreme Court, Westchester County, for a new determination of the duration of the orders of protection consistent herewith; and it is further,
ORDERED that pending the new determination as to the duration of the orders of protection, the orders of protection shall remain in effect; and it is further,
ORDERED that the judgment is affirmed.
For his participation in an armed home invasion in Yonkers, the defendant was convicted of burglary in the first degree, burglary in the second degree, robbery in the second degree, and tampering with physical evidence. The police responded to a 911 report of a home invasion in progress, and the defendant was apprehended after being directed by the police to exit the home in question. The defendant was positively identified by the complainants from showup procedures that were conducted in front of the complainants' home, a little more than one hour after the incident.
Contrary to the defendant's contention, the Supreme Court properly denied that branch of his omnibus motion which was to suppress the showup identification evidence. Exigent circumstances existed warranting the showup identifications because the police needed to determine whether they had apprehended the right person in connection with the home invasion or if they should keep looking for other suspects (see People v Howard, 22 NY3d 388, 402; People v Mayes, [*2]200 AD3d 718, 719). Even if there were no exigent circumstances, the showup identifications were permissible because they were conducted in close geographic and temporal proximity to the crimes, and the procedures used were not unduly suggestive (see People v Mayes, 200 AD3d at 719). The showup procedures were not rendered unduly suggestive by the fact that the defendant was handcuffed and in the presence of police officers or the fact that the police shined lights on him (see People v Croom, 171 AD3d 781, 782; People v Bartlett, 137 AD3d 806, 807).
There is also no merit to the defendant's contention that the People's trial statement of readiness was illusory, based upon their disclosure of certain inculpatory DNA evidence in the middle of trial. "A statement of readiness at a time when the People are not actually ready is illusory and insufficient to stop the running of the speedy trial clock" (People v England, 84 NY2d 1, 4). Here, the record establishes that the People's failure to disclose the evidence in a timely fashion was inadvertent and without bad faith or a lack of due diligence. Moreover, there is no evidence that the People had otherwise knowingly attempted to delay the trial. The People took sufficient and immediate steps to provide the material in question to the defendant once they were made aware of its existence, and the People were precluded from introducing this evidence, which was highly favorable to them, at trial. Notably, the defendant requested no additional sanctions, further adjournments, or accommodations based upon the delayed disclosure, short of dismissal of the indictment. Accordingly, the defendant's contention is without merit (see People v Bay, 41 NY3d 200, 204-206; see also CPL 245.50, 245.80[1][a]). Contrary to the defendant's related contention, the Supreme Court was without inherent or statutory authority to dismiss the indictment in the middle of trial based on a violation of CPL 30.30 (see People v Deas, 226 AD3d 823, 826-827; see also CPL 30.30, 210.20[1][g]; [2]).
The defendant failed to preserve for appellate review his contention that the verdict was repugnant, where he was convicted of burglary in first degree and acquitted of assault in the second degree, since he failed to raise an objection on this specific ground before the jury was discharged (see People v Alfaro, 66 NY2d 985, 987; People v Stewart, 222 AD3d 781, 782). We decline to reach that unpreserved contention in the exercise of our interest of justice jurisdiction (see People v Walker, 237 AD3d 978, 978; People v Stewart, 222 AD3d at 782).
Based upon the concession of the People, and in the exercise of our interest of justice jurisdiction, we find that the Supreme Court effectively failed to fix the duration of the orders of protection (see People v Augustin-Miranda, 215 AD3d 981, 982; People v Chambers, 177 AD3d 645, 646-647). The court set the duration of the orders of protection as "until and including March 3, 2041, less the defendant's jail time credit, which is to be computed by the applicable department of correction." As the People correctly concede, in doing so, the court "'effectively failed to set a definite expiration date, and thus, duration, for the order[s] of protection'" (People v Harris, 205 AD3d 733, 733, quoting People v Chambers, 177 AD3d at 646). Accordingly, we vacate so much of the orders of protection as directed that they remain in effect until and including March 3, 2041, less the defendant's jail time credit, to be computed by the applicable department of correction, and remit the matter to the Supreme Court, Westchester County, for a new determination of the duration of the orders of protection (see People v Deas, 226 AD3d at 827; People v Harris, 205 AD3d at 733).
Contrary to the defendant's contention, the fact that the sentence imposed after the defendant exercised his right to proceed to trial "was greater than the sentence offered during plea negotiations does not, standing alone, establish that the defendant was punished for exercising his right to trial" (People v Douglas, 200 AD3d 795, 799 [internal quotation marks omitted]; see People v Nicholson, 211 AD3d 852, 853).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
CONNOLLY, J.P., CHRISTOPHER, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court